Scranton Federation of Teachers, Appellant *v.* Scranton School District, Appellee.

Argued March 5, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Michael Brodie, Freedman and Lorry, P.C.,* for appellant.

*Edwin A. Abrahamsen, Bialkowski, Fine and Bialkowski,* for appellee.

OPINION BY JUDGE MACPHAIL, May 12, 1982:

Scranton Federation of Teachers (Appellant) appeals from an order of the Court of Common Pleas of Lackawanna County which vacated an arbitrator's award in favor of John Miles (Miles), a teacher with approximately twenty years service with the Appellee, Scranton School District (District). We reverse.

The brief facts in this matter center on an application filed by Miles on or about January 21, 1980 to serve as a freshman baseball coach at either of two high schools in the District. The application was filed in response to a posted notice listing coaching vacancies, as required by Article 14, Section 1 of the collective bargaining agreement then in effect between Appellant and the District. On March 23, 1980 the Board of School Directors (Board) awarded the coaching positions to two other applicants who had less seniority than Miles. The coaching positions were awarded by the Board based upon the recommendation of the Superintendent of Schools.

A grievance was filed by Miles on April 2, 1980 which alleged, *inter alia,* that the Board violated Article 14 of the collective bargaining agreement when it appointed applicants with less seniority than Miles to the coaching positions. Article 14 provides, in pertinent part, as follows:

§1. Openings for all positions, promotions, extracurricular activities and newly created jobs . . . shall be posted in places accessible to and normally frequented by all teachers at least thirty (30) days before the position is to be filled. The posting shall include the duties and location of the position, the qualifications required of applicants, the salary to be paid, and specific instructions for making application.

§2. With exception of promotional positions, the vacancies, where qualifications are equal, shall be filled from among the qualified applicants in the order of their length of service in the Scranton Public Schools. . . .

. . . .

§4. All questions of qualification shall be finally resolved by the Board of Directors upon the advice of the Superintendent of Schools. . . . At no time shall the position of any person on any list require appointment or selection where the Board of Directors shall determine, after appropriate hearing, qualifications to be lacking.

In accordance with the grievance procedures contained in the collective bargaining agreement, the Board held a meeting relative to the grievance on April 14, 1980. At the meeting the Superintendent reviewed performance evaluations of Miles and the two successful applicants which were intended to reflect their performance in prior coaching positions. All three were graded "satisfactory", while on a rating scale Miles received a slightly lower rating than did the two other applicants.[1] Based on the performance

---

[1] The scale ran from a low of "1" to a high of "5". For the coaching years 1978 and 1979, Miles received a rating of 4.1 and 4.2 respectively, while for the 1979 coaching year the other applicants were rated 4.5 and 4.6.

evaluations and the Superintendent's presentation of the applicants' qualifications, the Board voted to affirm its action and deny the grievance. The grievance thereafter proceeded to arbitration and was sustained. The arbitrator concluded that since all three applicants were qualified, the seniority provision of Article 14 required that Miles be awarded one of the coaching positions. The District then appealed to the court of common pleas which vacated the arbitrator's award on the ground that the dispute was non-arbitrable.

Two issues have been raised in the instant appeal: 1) whether or not the court of common pleas erred in finding the dispute to be non-arbitrable and 2) whether or not the lower court erred in finding that the District had not waived the issue of arbitrability.

Judicial inquiry into the arbitrability of a grievance is limited to a determination of 1) whether or not the parties entered into an agreement to arbitrate and 2) whether or not the dispute involved falls within the arbitration clause. *Lincoln University v. Lincoln University Chapter,* 467 Pa. 112, 354 A.2d 576 (1976). Our Supreme Court has also emphasized that where an arbitrator, as here, has interpreted the collective bargaining agreement in favor of the arbitrability of a dispute, a reviewing court should be slow to disagree. *County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1977).

The collective bargaining agreement in this case contains a grievance procedure leading to binding arbitration as the final step. A grievance is defined in Article 13 as, "a complaint involving the work situation; or *a complaint alleging there has been a violation,* misinterpretation, misapplication, inequitable or otherwise improper application *of any provision of this Agreement* or any practice or policy covered by this Agreement." (Emphasis added.) Thus, the par-

ties have clearly entered into an agreement to arbitrate.

We also think it is clear that the dispute falls within the scope of the arbitration clause since Miles' complaint alleges, *inter alia,* that there has been a violation of Article 14 of the Agreement. We do not agree that the District can avoid the arbitrability of this dispute by its argument that the Board's decision not to appoint Miles was based on its judgment of his "qualifications." The District argues that since under Article 14 questions of qualifications are to be resolved by the Board, the Board's decision is not arbitrable. We think, however, that this argument addresses the merits of whether or not a violation of Article 14 has occurred (*i.e.,* whether or not the Board's decision *was* actually based on the qualifications of the applicants), rather than the arbitrability of Miles' grievance. Since the allegation in the grievance is that Article 14 has been violated we must conclude that the resolution of the merits of the dispute is a matter for the grievance procedure. Moreover, where, as here, "it is determined that the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's interpretation is not a matter of concern to the court." *Leechburg Area School District v. Dale,* 492 Pa. 515, 521, 424 A.2d 1309, 1312-13 (1981). We, therefore, find that the lower court erred when it concluded that the dispute was nonarbitrable.

In view of our conclusion that the dispute in this case was clearly within the scope of the arbitration clause, we need not address the waiver issue.

Order reversed.

### Order

It is ordered that the order of the Court of Common Pleas of Lackawanna County, dated June 5, 1981,

is reversed and the award of the arbitrator is hereby reinstated.

Judge Mencer did not participate in the decision in this case.