West Shore Education Association, Appellant *v.* West Shore School District, Appellee.

Argued November 17, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Jeffrey W. Davis,* with him *Thomas A. Beckley, Beckley & Madden,* for appellee.

OPINION BY JUDGE MACPHAIL, March 1, 1983:

This case comes to us on appeal from a decision of the Court of Common Pleas of Cumberland County vacating an arbitrator's award which ordered the reinstatement of Angelo Gallo to the position of athletic director at Cedar Cliff High School. We reverse.

Gallo is a teacher in the West Shore School District (Appellee or School District) which during the period at issue was a cosignatory to a collective bargaining agreement entered into with the West Shore Education Association (Appellant or Association). On June 13, 1979, the principal of Cedar Cliff High School informed Gallo by way of a memorandum of his intention to recommend to the School District that Gallo be removed from his extracurricular position as athletic director. In the memorandum, the principal outlined

his reasons for that recommendation. Gallo thereafter filed a grievance, contending that the memorandum was a reprimand without just cause.[1] Gallo requested withdrawal of the memorandum and continuance in his position as athletic director. This grievance was taken through the procedure outlined in the contract, through the final step of arbitration. The arbitrator determined that the memorandum was a reprimand issued without just cause, that his removal as athletic director[2] was a direct result of this unjust reprimand and that said removal was lacking in good faith. The arbitrator ordered Gallo's reinstatement as athletic director.

On appeal, the Court of Common Pleas, relying greatly upon this Court's decision in *Greater Johnstown Area Vocational-Technical School v. Greater Johnstown Area Vocational-Technical Education Association,* 57 Pa. Commonwealth Ct. 195, 426 A.2d 1203 (1981), held that the position of athletic director was not covered by the collective bargaining agreement and therefore Gallo's complaint was not arbitrable. The Court also determined that the ''Employer's Rights'' provision of the contract[3] exempted the assignment of

---

[1] Article VI of the collective bargaining agreement prohibits a written reprimand of an employee by the School District without just cause.

[2] On July 5, 1979, the Board of Directors of the School District did remove Gallo from his athletic director position and assigned him to the position of full time driver education.

[3] ARTICLE XIII—EMPLOYER'S RIGHTS

Control of School System

13.00 Recognizing that the successful operation of the Board's school system depends upon the cooperation of the parties hereto, it specifically is understood and agreed that the Board shall have the exclusive right to supervise, manage and control the operation of its school system, to include, inter alia, the rights to hire, discharge, assign, suspend, transfer, promote, demote, maintain order, efficiency and

teachers from arbitration and that the memorandum did not constitute a reprimand.

Our Supreme Court has consistently reminded us of the very narrow scope of review given to the judiciary over arbitration awards. The arbitrator's decision may not be overturned so long as it draws its "essence" from the collective bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 517, 424 A.2d 1309, 1312 (1981). So long as the subject matter of the dispute is encompassed within the agreement, the validity of the arbitrator's interpretation is not a proper subject for review. *Id.* Furthermore, the broad deference given to the arbitrator's decision applies equally to his determinations regarding the arbitrability of the subject matter of the grievance. *Scranton Federation of Teachers, Local 1147 v. Scranton School District,* 498 Pa. 58, 65, 444 A.2d 1144, 1147 (1982). *See County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1977).

The first issue we shall discuss is the Common Pleas Court's ruling that Gallo's position as athletic

discipline, to determine methods, policy, equipment, books, materials, processes and other items to be used, job classifications to be employed, employee qualifications, working forces, schedules, number of employees and classifications to be employed, to introduce or discontinue any program, to subcontract and outcontract or otherwise acquire outside services and to require employees to observe rules issued by the Board from time to time not inconsistent with this Collective Bargaining Agreement. The foregoing statement of Board rights shall not be deemed to exclude other functions not therein specifically set forth. The Board shall not exercise any rights in violation of this Collective Bargaining Agreement. The Board specifically retains the right to exercise all powers and rights granted or not denied to the Board under the laws of Pennsylvania (including the Pennsylvania Public School Code of 1949, as amended).

director was not covered by the bargaining agreement. Appellant contends that this issue regarding arbitrability was not raised before the arbitrator and therefore was waived. We agree. While we have found no case law in our jurisdiction on this point, we would note that Section 7314(a)(1)(v) of the Uniform Arbitration Act, 42 Pa. C. S. §7314(a)(1)(v) requires the issue of the existence of an agreement to arbitrate to have been raised at the arbitration hearing before it may be considered by a court. Such a requirement comports with our well-established rule that questions not raised before a lower tribunal are deemed waived. *See, e.g., McKay v. Commonwealth,* 52 Pa. Commonwealth Ct. 24, 415 A.2d 910 (1980). Appellee contends that arbitrability is a jurisdictional matter and therefore can be raised at any time. *See, e.g., Department of Transportation v. Wagner,* 17 Pa. Commonwealth Ct. 26, 28 n. 2, 330 A.2d 867, 868 n. 2 (1975). We cannot subscribe to such an interpretation, however; such a view would vitiate the rule of *Allegheny County Prison Employees* that the arbitrator's decision on arbitrability must be given great deference.

In the present case, it is clear that the only contentions made by the School District to the arbitrator concerning arbitrability concerned compliance with the time limits of the grievance procedure[4] and arguably the bar of the "Employer Rights" section. *Supra* note 3. At no time before the arbitrator did the School District contend that Gallo, when acting as an athletic director, was not an employee for purposes of the collective bargaining agreement. This issue must therefore be considered waived and thus cannot be a basis for the trial court's decision.[5]

---

[4] Which the arbitrator found in favor of Gallo.

[5] *Greater Johnstown* may also be distinguishable on its facts from the present case, since in *Greater Johnstown* the extracurricular duties therein were contracted for by separate contracts outside

The Common Pleas Court also held that the memorandum was not a reprimand for purposes of the bargaining agreement. The Court, citing to our decision in *Neshaminy Federation of Teachers v. Neshaminy School District,* 59 Pa. Commonwealth Ct. 63, 428 A.2d 1023 (1981),[6] said that the arbitrator clearly erred in interpreting the word "reprimand" as encompassing the events here at issue. However, we believe that the trial court has given too broad a reading to the holding of *Neshaminy.* In *Neshaminy,* the arbitrator defined the issue for arbitration to be whether the grievant was dismissed for just cause where dismissal was not, by the terms of the contract, required to be for just cause. What we held in *Neshaminy* was that the issue framed by the arbitrator was not properly defined within the terms of the agreement. Here, the arbitrator did not frame an issue outside of the agreement; rather, the arbitrator quite clearly understood that the issue presented was whether Gallo was reprimanded for just cause, a question clearly proper under the agreement. While it may be debatable whether the principal's actions were a reprimand, the contract gave to the arbitrator the power to handle grievances, which the contract defined as a "complaint . . . regarding the meaning, interpretation or application of any provision [of the agreement]." *See Greater Johnstown Area Vocational-Technical School v. Greater Johnstown Area Vocational-Technical Association,* 69 Pa. Commonwealth Ct. 208, 450 A.2d 787 (1982). Since the meaning of "reprimand" was given to the arbitra-

the collective bargaining agreement. Here, the extracurricular position of athletic director, the assignment and pay therefor, were all included in the agreement under which Gallo filed his grievance. *But cf. Ringgold School District v. Abramski,* 57 Pa. Commonwealth Ct. 33, 426 A.2d 707 (1981).

[6] The case is presently on appeal to the Supreme Court—No. 81-3-460.

tor to rationally define, neither we nor the trial court may inquire into the validity of that interpretation. *Leechburg.*

Finally, the Common Pleas Court held that the "Employer's Rights" provision of the contract withdrew the question of job assignments from arbitration. The Court held that "just cause" was inapplicable to assignment of duties. Initially, we note that the trial court has misconstrued the arbitrator's decision in this case. The arbitrator fully recognized the "Employer's Rights" provision of the contract and did not impose a just cause requirement on the exercise of those rights. Rather, after finding an unjust reprimand by the principal, the arbitrator determined that the right of assignment exercised by the School District as a result of this reprimand was not done in *good faith* and therefore must be overturned. *See* Article XIII — "The Board shall not exercise any rights *in violation* of this Collective Bargaining Agreement." (Emphasis added.)

More importantly, we believe that the trial court erred in holding that this Employer's Rights provision removes the present matter from the purview of the arbitrator. While assignment is a power reserved to the School District, the scope and extent of that power, and its applicability to this case, are not questions which go to the arbitrability of this matter, but instead are questions which go to the merits of Gallo's grievance *See Scranton Federation of Teachers, Local 1147 v. Scranton School District,* 66 Pa. Commonwealth Ct. 466, 445 A.2d 260 (1982). As such, they are reserved to the arbitrator and may not be ruled upon further by the courts. *Leechburg.*

### Order

It is ordered that the order of the Court of Common Pleas of Cumberland County, dated July 9, 1981,

is reversed and the award of the arbitrator is hereby reinstated.