Mifflin County, Appellant *v.* American Federation of State, County and Municipal Employees, District Council 86, AFL-CIO, Appellee.

Argued December 16, 1982, before Judges Blatt, Craig and Doyle, sitting as a panel of three.

*Randall E. Zimmerman, Barron & Zimmerman,* for appellant.

*Alaine S. Williams, Kirschner, Walters & Willig,* for appellee.

Opinion by Judge Blatt, March 24, 1983:

Mifflin County (County) appeals an order of the Court of Common Pleas of Mifflin County which upheld an arbitrator's award in favor of Bernard Carpenter, a member of the respondent American Federation of State, County and Municipal Employees, District Council 86, AFL-CIO (Union).

Article XI of a collective bargaining agreement (Agreement) covering the parties in this matter pro-

vides that employee grievances relating to suspensions or discharges must proceed first through a hearing held by the Commissioners of the County and may then be submitted to an arbitrator if either party remains dissatisfied. The employee in question was suspended from his position as a shift supervisor at the County's jail and he appealed his suspension through the aforementioned procedure. After a hearing, the County Commissioners concluded that the suspension was justified and decided to convert his status to discharged. He then requested that the matter be submitted to arbitration, and, after a further hearing at which both the County and the Union offered testimony and argument, the arbitrator found that the County had violated Article XI, Section 1 of the Agreement which prohibited the discharge of an employee without just cause. The arbitrator, however, ordered that the employee should be suspended for three months without pay but be reinstated with back pay for the period he had been suspended in excess of the three months. The court of common pleas affirmed and the instant appeal followed.

Our scope of review in this matter is limited to a determination of whether or not the arbitrator's interpretation of the Agreement can in any rational way be derived from the Agreement, viewed in light of its language, its context and any other indications of the parties' intent. *Community College of Beaver County v. Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977). Thus, "[o]ur inquiry ends once it is determined that the issue properly defined is within the terms of the agreement." *Leechburg Area School District v. Dale*, 492 Pa. 515, 521, 242 A.2d 1309, 1313 (1981) (the "essence test").

The County argues that the Agreement did not extend its coverage to this employee, in that he was a shift supervisor and could not be included in any unit

afforded protection by the Agreement. The court of common pleas concluded, however, that:

> An appeal from an arbitrator's decision to the Court of Common Pleas is an improper method of raising an objection to the composition of the collective bargaining unit. Commonwealth Court has interpreted Article VI, Section 604, of Act 195, the Public Employe Relations Act (1970), July 23, P.L. 563, No. 195. . . to mean that the Pennsylvania Labor Relations Board . . . has sole jurisdiction to define the composition of a collective bargaining unit. Richland Education Association v. Pennsylvania Labor Relations Board and Richland School District, 43 Pa. Cmwlth. 550, 403 A.2d 1008 (1978). It is clear that County must first petition PLRB for a ruling on Carpenter's status as a member of the collective bargaining unit before County may properly raise the question of the propriety of Carpenter's inclusion in the bargaining unit before this Court.

We agree because, to hold otherwise would invite the anomalous result that a public employer, who did not raise or pursue any question as to an employee's union membership status before or during arbitration, would be allowed to proceed with arbitration and, in the event that the employer did not prevail, it could collaterally attack the award on the basis that no arbitration should have occurred because the employee was allegedly not covered[1] by the Agreement. *West Shore Education Association v. West Shore School District,* 72 Pa.

---

[1] We note that the County, in apparent conflict with its first argument, states in its brief that the "County contends that through its conduct in conjunction with that of Carpenter's an Agreement to arbitrate with a first level supervisor may have been established. . . ."

142

Commonwealth Ct. 374, 456 A.2d 715 (1983) (issue not raised before arbitrator deemed waived).

The County argues next that the court of common pleas erred in holding that the arbitrator's decision in this matter was derived from the "essence of the agreement". *Leechburg.* It is undisputed, however, that Article XI, Section 1 of the Agreement prohibits suspensions or discharges of an employee without just cause. And, as the court of common pleas has recognized, "[t]he plain language of the Agreement does not allow for any interpretation but that the parties intended an arbitrator to make the final decision as to whether a dismissal or suspension was 'just'." We believe it to be clear, therefore, that the arbitrator rationally drew his award from the "essence of the agreement" and we are unable to disturb the arbitrator's award. *Leechburg.*

We will, therefore, affirm the order of the court of common pleas.

ORDER

AND Now, this 24th day of March, 1983, the order of the Court of Common Pleas of Mifflin County in the above-captioned matter is hereby affirmed.