550 A.2d 1385

State System of Higher Education of the Commonwealth of Pennsylvania, Petitioner v. Association of Pennsylvania State College and University Faculties, Respondent.

Argued June 14, 1988, before Judges CRAIG, BARRY and SMITH, sitting as a panel of three.

*Alfred J. D'Angelo, Jr.*, with him, *Caren Litvin Sacks* and *Fred Speaker, Pepper, Hamilton & Scheetz*, for petitioner.

*Elliot A. Strokoff*, with him, *James L. Cowden, Strokoff & Cowden, P.C.*, for respondent.

OPINION BY JUDGE SMITH, December 9, 1988:
Petitioner, State System of Higher Education (SSHE), filed a petition for review with this Court from

a labor arbitrator's decision on the merits of a grievance under the collective bargaining agreement (agreement) entered into between SSHE and Respondent, Association of Pennsylvania State College and University Faculties (APSCUF). APSCUF filed a motion to quash the petition for review as premature. The sole issue before this Court is whether an appeal may lie from the decision of a labor arbitrator on the question of substantive arbitrability prior to a decision by the arbitrator on the merits of the case.

SSHE is a statutorily established organization which owns and operates fourteen state universities throughout the Commonwealth. Professor Michael Adighibe, employed by SSHE as a faculty member at Cheyney University, was informed on November 11, 1985 that his employment contract would be "non-renewed" due to a lack of funds. At the same time, several other faculty members were "retrenched" or laid off for the same reason. The agreement in force at the time provided that faculty members who were laid off would continue to receive medical benefits for six months and would have rehire rights at all of the universities that comprised the SSHE. In comparison, a faculty member who was non-renewed had no such rights after employment ended. In accordance with provisions of the agreement, Professor Adighibe sought arbitration on the premise that the agreement only permitted lay-offs for fiscal reasons under the retrenchment article and that non-renewal may not be used to avoid according the Professor his lay-off rights. The arbitrator held that non-renewal for fiscal reasons was in actuality a retrenchment which was expressly within his jurisdiction under Article XXIX of the agreement. SSHE petitioned this Court for review, and APSCUF filed a motion to quash the petition for review as premature.

As APSCUF is an employee organization within the meaning of Section 301(3) of the Public Employee Re-

lation Act,[1] it must submit to arbitration any disputes arising out of the interpretation of its agreement. The arbitration proceedings are to be governed by the procedures set forth in Section 7302(b) of the Uniform Arbitration Act, 42 Pa. C. S. §7302, which give rise to a strong presumption of arbitrability. *Board of Education v. Philadelphia Federation of Teachers,* 464 Pa. 92, 346 A.2d 35 (1975). Relevant to this Court's inquiry is the specific provision of the agreement pertaining to grievance proceedings. Article V of the agreement sets forth in pertinent part:

> The decision of the arbitrator shall be final and binding upon the parties, except where the decision would require an enactment of legislation in which case the decision shall be binding only if and when such legislation is enacted. The arbitrator shall have no authority to add to, subtract from, or modify this Agreement. Each case shall be considered on its merits and this collective bargaining agreement shall constitute the sole basis upon which the decision shall be rendered. If there is a question as to whether the arbitrator has jurisdiction to hear a case, this question must be heard and an immediate bench ruling issued by the arbitrator prior to his/her hearing in deciding the merits of the case. The arbitrator shall confine himself/herself to the precise issue the parties have agreed to submit for arbitration and shall have no authority to determine any other issues not so submitted to him/her. The arbitrator shall be requested to issue his/her decision within thirty (30) calendar days after the hearing or receipt of the transcript of the hearing.

---

[1] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. 1101.301(3).

The foregoing provision indicates the parties agreed that the arbitrator would rule upon jurisdictional matters prior to hearing on the merits. However, in opposition to APSCUF's motion, SSHE argues that arbitration is solely governed by the contract entered into between the parties, and that the question of substantive arbitrability, or whether the agreement creates a duty on the parties to arbitrate a particular grievance, is a question for judicial determination. SSHE relies upon *AT&T Technologies v. Communication Workers of America,* 475 U.S. 643 (1986), to support its contention. Unlike the *AT&T Technologies* case, the parties here clearly provided for the arbitrator to determine whether a case is within his or her jurisdiction where the question is raised and to issue a bench ruling prior to hearing on the merits. The agreement does not permit interlocutory appeals from the arbitrator's ruling on jurisdictional issues.

SSHE claims that the agreement authorizes bifurcation of the questions pertaining to arbitrability and the merits of the case, and therefore courts are not divested of authority to determine whether the parties have agreed to submit a substantive issue to arbitration. As a general rule, courts do not approve of bifurcated proceedings as a method for settling disputes arising under a collective bargaining agreement. *See Scranton Federation of Teachers v. Scranton School District,* 498 Pa. 58, 444 A.2d 1144 (1982), where the Supreme Court, in expressing the broad judicial deference given to an arbitrator's decision, ruled that the Court's disapproval of bifurcation was insufficient to overrule an arbitrator's decision to bifurcate proceedings which was derived from the agreement. The same reasoning can be applied with equal force to the case *sub judice.* Here, the arbitrator correctly held that his determination that a non-renewal was in actuality a retrenchment was to be

decided by him and that his authority to do so derived from the agreement.

APSCUF also argues that although judicial review of a final arbitrator's award is permitted, judicial review in the nature of a petition to vacate an interlocutory decision is not permitted. *See Friedman v. Friedman,* 277 Pa. Superior Ct. 428, 419 A.2d 1221 (1980), where the Superior Court rejected appeal from an arbitrator's interlocutory order governing jurisdiction to hear a dispute between a Pennsylvania and a Colorado resident. APSCUF submits that *Friedman* is applicable to the instant matter because procedures for review in both common law and statutory arbitration are the same even though the standards of review may differ. *See* 42 Pa. C. S. §§7314, 7341.

APSCUF also contends that pursuant to Pa. R. A. P. 311, an interlocutory appeal challenging subject matter jurisdiction is not included among those orders from which interlocutory appeals are allowed. SSHE argues that in *West Shore Education Association v. West Shore School District,* 72 Pa. Commonwealth Ct. 374, 456 A.2d 715 (1983), this Court ruled that arbitrability of the subject matter of a grievance is not a jurisdictional issue. However, *West Shore Education Association* also stands for the proposition that an arbitrator's decision may not be overturned as long as it draws its essence from the agreement. The arbitrator here determined that the arbitrability of the subject matter of the grievance was a jurisdictional issue under provisions of the agreement, and the fact that subject matter jurisdiction is not appealable as an interlocutory matter under Pa. R. A. P. 311 lends credence to APSCUF's argument. The presumption favoring resolution of disputes through arbitration would be undermined by permitting an interlocutory appeal of the arbitrator's decision. Moreover, arbitrability or subject matter jurisdiction can be

challenged by way of petition to vacate the final decision if adverse to SSHE.

Accordingly, the motion of APSCUF to quash the petition for review as premature is granted.

## ORDER

AND NOW, this 9th day of December, 1988, it is ordered that Respondent's motion to quash Petitioner's petition for review as premature is granted.

Judge MACPHAIL did not participate in the decision of this case.