593 A.2d 903

AMERICAN TELEPHONE AND TELEGRAPH, Successor
by Merger to AT & T Technologies, Inc.

v.

Robert E. CLIFFORD, Appellant.

Superior Court of Pennsylvania.

Submitted June 24, 1991.

Filed July 26, 1991.

Leon Ehrlich, Reading, for appellant.

Sharon H. Barnes, Allentown, for appellee.

Before OLSZEWSKI, TAMILIA and FORD ELLIOTT, JJ.

TAMILIA, Judge:

Robert E. Clifford takes this appeal from the February 7, 1991, Order sustaining appellee's preliminary objections in the nature of a demurrer to appellant's counterclaim, which was dismissed with prejudice plus costs. The facts pertinent to this appeal follow.

In February, 1987, appellant, an employee of appellee, American Telephone and Telegraph (hereinafter AT&T), became the recipient of a cushioning allowance to compen-

sate him for the economic loss he incurred when he was downgraded to a lesser paying position. In October, 1987, appellant refused appellee's offer to upgrade to his former position and, pursuant to the terms of the collective bargaining agreement governing the terms of appellant's employment, appellee terminated the cushioning allowance. However, due to an oversight by the payroll department, the supplemental payments continued for almost two years until appellee realized its error in August, 1989. Payments were then discontinued and AT&T asked appellant to repay the $8,952.81 erroneously paid. Appellant refused, however, and in September, 1990, AT&T filed suit against appellant in the Court of Common Pleas. By way of counterclaim, appellant argued he was not obligated under the bargaining agreement to upgrade his position and was, therefore, entitled to the $8,952.81 plus an additional 65 weeks of the cushioning allowance, totaling $6,486. AT&T filed preliminary objections to the counterclaim based on appellant's failure to submit his claim for wages through the mandatory grievance procedure outlined in Article 9 of the governing Collective Bargaining Agreement. The preliminary objections were granted and this appeal followed.

On an appeal from an Order sustaining preliminary objections in the nature of a demurrer, "we accept as true all well-pleaded material facts set forth in the complaint as well as all inferences reasonably deducible therefrom." *DiMarco v. Lynch Homes*, 525 Pa. 558, 561, 583 A.2d 422, 424 (1990), quoting *Dercoli v. PA National Mutual Insurance Co.*, 520 Pa. 471, 476, 554 A.2d 906, 908 (1989). In Pennsylvania, an employee who is a beneficiary of a collective bargaining agreement is bound by the terms of the agreement relating to his pursuit of remedies. *Mamula v. United Steelworkers of America*, 414 Pa. 294, 200 A.2d 306 (1964); *Falsetti v. Local Union No. 2026, United Mine Workers* 400 Pa. 145, 161 A.2d 882 (1960); *Gingrich v. City of Lebanon*, 57 Pa.Cmwlth. 594, 427 A.2d 278 (1981).

Article 9 of appellant's collective bargaining agreement, set forth below, describes the four-step griev-

ance procedure an employee was to follow if he had a complaint with regard to wages, such as that averred by the appellant.

## Article 9—Grievance Procedure

1.  To provide for the expeditious and mutually satisfactory settlement of grievances arising with respect to wages, hours of work and other conditions of employment, the procedures hereinafter set forth shall be followed. . . .

2.  When a grievance is to be presented by the Union to the Company, the procedure outlined below shall be followed, except as otherwise provided in this or any other written agreement between the Company and the Union.

Step I

The grievance shall be presented orally by the Representative to the Section Chief with or without the employee involved and every effort shall be made by the parties to settle the grievance at this level.

Step II

If the grievance is not satisfactorily settled after presentation by the Representative in Step I, the grievance may, within three (3) working days after presentation, be submitted by the Representation involved, such grievance to be submitted in writing with four (4) copies to the Department Chief. The Department Chief shall offer to meet with the Representative involved within three (3) working days after receipt of such grievance unless the parties mutually agree otherwise. If the grievance is not settled by discussion between the parties, the Department Chief will reply in writing to the Union within four (4) working days after the conclusion of such discussions.

Step III

If the grievance is not satisfactorily settled at Step II, the grievance may, within five (5) working days from the date of the Department Chief's reply to Step II, be

submitted in writing to the Grievance Committee comprised of not more than four (4) authorized representatives of the Union and not more than four (4) authorized representative [sic] of the Company. The Chairman of the Company's Committee shall offer to meet with the Union's Committee within three (3) working days after the receipt of such grievance unless the parties mutually agree otherwise. If the grievance is not settled by discussion between the parties, the Company will reply in writing to the Union within five (5) working days after the conclusion of such discussion.
Step IV

If the grievance is not satisfactorily settled in accordance with the foregoing procedur [sic], the grievance may, within ten (10) working days from the date of the Company's reply in Step III, be submitted in writing to the Company's Bargaining Agent, in such event the Grievance Committee referred to in Step III above shall participate in a discussion of the grievance. An International Representative may participate as one of the Union's representatives. Grievances presented in writing to the Company's Bargaining Agent will be answer in writing by the Company within two (2) calendar weeks following the conclusion of discussions of such grievances.

(Slip Op., Schaeffer, P.J., 3/25/91, pp. 3–4.) Without benefit of the entire contract, this Court can only surmise from the record the grievance procedure outlined above is the employee's exclusive remedy with regard to wage disputes. An aggrieved employee who is covered by a collective bargaining agreement, which provides exclusive remedies for breaches of that agreement, must attempt to exhaust those contractual remedies before initiating suit. *Cohen v. Temple University*, 299 Pa.Super. 124, 445 A.2d 179 (1982). Appellant's counterclaim for wages falls within the purview of the grievance provisions of the collective bargaining agreement. Accordingly, the Court of Common Pleas is without jurisdiction to hear appellant's counterclaim.

Appellant's equitable argument that judicial economy demands his counterclaim be heard is also without merit. Under Pennsylvania law, counterclaims are permissive and may be set forth in a party's answer, or may be reserved and set forth in an independent action. *Bender's Floor Covering Co. v. Gardner* 387 Pa.Super. 531, 564 A.2d 518 (1989). In this case, the court was bound to sustain appellant's preliminary objections in accord with the law relating to collective bargaining agreements. "Arbitration of grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory." *Univ. of Pittsburgh v. Labor Rel. Bd.*, 133 Pa.Cmwlth. 681, 578 A.2d 66 (1990), citing the Public Employee Relations Act, 43 P.S. § 1101.903. Should he choose to do so, appellant may now pursue his claim through the grievance procedure for which his union bargained securing contractual benefits for all union members. *Pittsburgh, Etc. v. City of Pittsburgh,* 481 Pa. 66, 391 A.2d 1318 (1978); *see Commonwealth v. Joint Bargaining Com. of Pa. Soc.,* 84 Pa. Cmwlth. 613, 480 A.2d 373 (1984). Union contracts generally obtain benefits and rights for union members which exceed those available at law in Pennsylvania, which applies the "at will" doctrine of employer-employee relationships. As such, to protect these benefits, we have held that the contract is controlling when an issue is raised relating to employer-employee rights and duties. We should not deviate from that principle here. *Banas v. Matthews Int. Corp.,* 348 Pa.Super. 464, 502 A.2d 637 (1985).

Order affirmed.