686 A.2d 22

**Marion SHUMAKE, Appellant,**

v.

**PHILADELPHIA BOARD OF EDUCATION.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1996.

Filed Dec. 17, 1996.

James J. Demarco, Philadelphia, for appellant.

R. Michael Carr, Bethlehem, for appellee.

Before CIRILLO, President Judge Emeritus, and SAYLOR and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a February 22, 1996 order denying appellant Marion Schumake's motion to remove a compulsory non-suit. Appellant presents the following issue for our review:

> Does the collective bargaining agreement of public employees requiring arbitration of grievances involving the work situation, remove the subject matter jurisdiction of the Court of Common Pleas when the cause of action exists separate and apart from the collective bargaining agreement and does not require interpretation of the collective bargaining agreement?

Appellant's Brief at 3.

On June 7, 1990, appellant, a public school teacher employed at West Philadelphia High School, was injured at work while attempting to break up a fight between two students in her classroom. As a public teacher in the Philadelphia school system, appellant was covered by a collective bargaining agreement between her union, the Philadelphia Federation of Teachers, and appellee, the Philadelphia Board of Education. Appellant subsequently filed a claim for a 100% workers'

compensation salary disability benefit, but only received a 75% salary benefit.

On March 31, 1994, appellant filed a complaint for breach of contract against appellee to recover for her injuries, seeking the 100% salary benefit allegedly due her under appellee's Administrative Bulletin 12, Regulation F79.[1] On June 24, 1994, appellee filed preliminary objections, asserting that appellant's claims were barred by the existence of an agreement for alternative dispute resolution.[2] The trial court dismissed the preliminary objections, and the case was subsequently submitted to compulsory arbitration.

On January 19, 1995, after a hearing, the arbitration panel rendered an award in appellee's favor on jurisdictional grounds. Specifically, the panel found that appellant's claims arose out of the terms of the collective bargaining agreement, and that her exclusive remedy was through the grievance and arbitration provisions of that agreement. The panel did not address the merits of appellant's claims.

Appellant filed an appeal from the arbitrators' decision, and on June 26, 1995, the matter was tried in a waiver trial. At the close of appellant's case, appellee moved for a compulsory non-suit, claiming that the trial court lacked subject matter jurisdiction because the case was subject to arbitration under the collective bargaining agreement. On September 6, 1995, the trial court granted the motion, finding that it lacked jurisdiction because appellant had failed to exhaust the mandatory arbitration procedures under the collective bargaining agreement, and because the court lacked jurisdiction over disputes subject to mandatory labor arbitration under the Public Employee Relations Act of 1970.[3] Appellant

---

1. Regulation F79 provides that a 100% salary replacement benefit be paid an employee who is absent from work due to injuries sustained in a work-related assault, provided that certain procedural requirements are satisfied.

2. Appellee cited Pa. R.C.P. 1028(a)(6), which provides for filing preliminary objections on grounds that the parties have an "agreement for alternative dispute resolution."

3. 43 P.S. § 1101.101 *et seq.*

thereafter filed a motion to remove the non-suit, which the trial court denied after a hearing.[4] This timely appeal followed.[5]

Appellant claims that the trial court erred in failing to remove the non-suit, because the trial court had jurisdiction over her breach of contract claim. Specifically, appellant claims that the trial court had jurisdiction because her cause of action was based on a contractual right that existed apart from any rights arising under the collective bargaining agreement.

■ Preliminarily, we note that broad judicial deference is given an arbitration panel's decision regarding the arbitrability of the subject matter of a grievance. *Scranton Fed'n of Teachers v. Scranton Sch. Dist.*, 498 Pa. 58, 65, 444 A.2d 1144, 1147 (1982).

■ The Public Employee Relations Act provides for the mandatory arbitration of disputes or grievances that arise out of the interpretation of a collective bargaining agreement. 43 P.S. § 1101.903. When an administrative remedy is prescribed by statute, a trial court lacks jurisdiction to entertain a case until the aggrieved employee has pursued his or her administrative remedies. *Cohen v. Temple Univ.*, 299 Pa.Super. 124, 445 A.2d 179 (1982). Therefore, an employee who is covered by a collective bargaining agreement, which provides the exclusive remedies for breaches of that agreement, must first exhaust his or her remedies under the bargaining agreement before filing a lawsuit. *American Tel. and Tel. v. Clifford*, 406 Pa.Super. 128, 132, 593 A.2d 903, 905 (1991).

4. We note that a non-suit permits a defendant to challenge the sufficiency of the plaintiff's evidence. *Francioni v. Gibsonia Truck Corp.*, 472 Pa. 362, 372 A.2d 736 (1977). Conversely, preliminary objections are used to challenge a court's lack of subject matter jurisdiction. Pa. R.C.P. 1028(a)(1).

5. Although this appeal may fall within the jurisdiction of the Commonwealth Court, we need not transfer this matter to that forum, but may entertain it, as no party has objected to this Court's jurisdiction. 42 Pa.C.S. §§ 705, 704(a).

■ Appellant testified that she filed a claim for workers' compensation benefits, and that she received a 75% salary benefit. N.T. 6/26/95 at 21–22. In the instant lawsuit, appellant seeks to recover the additional 25% of her salary under the assault benefits provision provided for under the collective bargaining agreement.[6] *Id.* at 53. As a result, her claim was subject to mandatory arbitration under the Public Employee Relations Act. Accordingly, as appellant's failure to exhaust the mandatory arbitration procedures deprived the trial court of subject matter jurisdiction, we find the trial court properly dismissed appellant's complaint.

The trial court order is affirmed.

Affirmed.

---

6. Article B–VIII § 2 of the collective bargaining agreement provides for the presentation and adjustment of grievances, and Article B-IX § 16 provides for the payment of a 100% salary benefit where a teacher is injured as a result of being physically assaulted.