**MONTGOMERY COUNTY INTERME-
DIATE UNIT and Perkiomen Val-
ley School District,**

v.

**MONTGOMERY COUNTY INTERME-
DIATE UNIT EDUCATION ASSOCI-
ATION and Perkiomen Valley Edu-
cation Association, Appellants.**

Commonwealth Court of Pennsylvania.

Argued March 12, 2002.
Decided May 3, 2002.

Charles L. Herring, Harrisburg, for appellant.

Wendy G. Rothstein, Lansdale, for appellee.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

We are asked to evaluate the Court of Common Pleas of Montgomery County's (trial court) review of an arbitrator's decision on arbitrability in bifurcated labor arbitration. We hold that the trial court must await the final decision of the arbitrator before review. Therefore, we vacate the trial court's order and remand the matter to the arbitrator for the completion of the arbitration process.

This case involves a public sector labor dispute. The Appellees are Montgomery County Intermediate Unit and Perkiomen Valley School District (Employers). The

Appellants are Montgomery County Intermediate Unit Education Association and Perkiomen Valley Education Association (Associations). The Associations are parties to collective bargaining agreements with Employers.

Each Employer, acting in conformity with the Public School Code of 1949,[1] moved to terminate a professional employee represented by the respective Association. Thereafter, each Association sought to grieve the termination under the collective bargaining agreement. In each case, the Employer asserted that the termination was not subject to the grievance procedures contained in the collective bargaining agreement, but rather was governed by School Code procedures. Each Association then demanded arbitration of the termination under its agreement.

The Employers and Associations agreed to consolidate the cases before a single arbitrator, Joseph B. Bloom. Also, the parties agreed to bifurcate the process, submitting first the issue of arbitrability. The parties agreed to await the arbitrator's determination on arbitrability before determining whether to proceed on the merits. Notes of Testimony, Arbitration Hearing of October 25, 1999, Reproduced Record (R.R.) at 9. The parties were unable to agree "as to what to do should there be a ruling of arbitrability." R.R. at 10. Ultimately, the arbitrator concluded that the underlying disputes were arbitrable.

Employers filed a Petition for Review of an Arbitration Award/Vacate Arbitration Award, and various procedures ensued. Ultimately, the trial court conducted oral argument, after which it granted the petition and vacated the arbitration award. The trial court's order also stayed further arbitration proceedings, directed the parties to proceed through the statutory provisions of the School Code, and remanded the matter to the school boards to conduct hearings on the terminations. The Associations appealed to this Court.[2]

■ In its thoughtful and thorough opinion, the trial court addressed all the issues over which it granted review; however, we will focus on only one issue, whether the arbitrator's decision on the threshold issue of arbitrability was appealable. Distinguishing *State System of Higher Education v. Association of Pennsylvania State College and University Faculties*, 121 Pa.Cmwlth. 607, 550 A.2d 1385 (1988), the trial court concluded that the parties' agreement to bifurcate did not preclude immediate appeal on the threshold determination and that, in the interest of judicial economy, the ruling on arbitrability should be immediately appealable.

In *State System of Higher Education*, we quashed a petition for review from a labor arbitrator's decision of arbitrability where no award had been made on the merits. The collective bargaining agreement between the parties required bifurcated arbitration, including an "immediate bench ruling" on jurisdiction. We stated, "[t]he presumption favoring resolution of disputes through arbitration would be undermined by permitting an interlocutory appeal of the arbitrator's decision." *Id.* at 1387.

■ The Superior Court reached a similar conclusion in *Shumake v. Philadelphia*

1. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 11–1101—27–2702 (School Code).

2. The appeal from the trial court's order is permitted by 42 Pa.C.S. § 7320 (Appeals from court orders). Contending that the decision of the learned trial court may have far reaching effects, both the Pennsylvania School Boards Association and the Pennsylvania State Education Association have filed amicus curiae briefs.

*Board of Education,* 454 Pa.Super. 556, 686 A.2d 22 (1996). The Court concluded that it lacked subject matter jurisdiction over a teacher's salary claim where she failed to exhaust mandatory arbitration procedures under her collective bargaining agreement. "[A]n employee who is covered by a collective bargaining agreement, which provides the exclusive remedies for breaches of that agreement, must first exhaust his or her remedies under the bargaining agreement before filing a lawsuit." *Id.* at 24 (citations omitted).

In Pennsylvania, Section 903 of the Public Employe Relations Act (PERA) provides for the mandatory arbitration of disputes or grievances that arise out of the interpretation of a collective bargaining agreement.[3] In this public sector labor dispute, arbitration is mandatory. Thus, our decision in *State System of Higher Education* and the Superior Court's decision in *Shumake* are controlling. Where arbitration is mandatory, judicial involvement must await completion of that process. This approach increases the likelihood of more efficient, uninterrupted arbitration and, hopefully, resolution beyond the courthouse walls.

The trial court concluded that the arbitrator's decision was immediately appealable, in part, because the parties did not state otherwise. Suffice it to say here that the parties expressly withheld agreement on immediate appealability of the arbitrator's threshold determination. Indeed, there was no agreement "as to what to do should there be a ruling of arbitrability." R.R. at 10. There is nothing in this undertaking that would cause us to depart from precedent requiring the completion of the mandatory arbitration process before commencement of judicial review.

Employers contend that Pa. R.A.P. 341(c) permits immediate judicial review of the arbitrator's threshold determination on arbitrability. That rule provides in pertinent part:

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the *trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.* Such an order becomes appealable when entered. (Emphasis added).

In essence, Rule 341(c) permits "the trial court or other governmental unit" to expressly certify, "that an immediate appeal would facilitate resolution of the entire case." This rule does not compel a different result here. The rule requires an express determination that an immediate appeal would facilitate resolution of the entire case. The arbitrator here made no such express determination. For this reason, Pa. R.A.P. 341(c) does not support an immediate appeal of the arbitrator's threshold determination of arbitrability.

### ORDER

AND NOW, this 3rd day of May, 2002, the Order of the Court of Common Pleas of Montgomery County is vacated, and the matter remanded to arbitrator Joseph B. Bloom to hold hearings and render a decision on the merits of the arbitration matter submitted to him.

---

**3.** Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. § 1101.903.