Luzerne County, : 
              Appellant : 
               : 
               : 
      v. : 
               :   No. 927 C.D. 2018
Teamsters Local 401 :   Argued: April 10, 2019

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: July 10, 2019

Luzerne County (the County) appeals the June 8, 2018 order of the Luzerne County Court of Common Pleas (trial court) dismissing the County's petition to vacate and stay a February 9, 2018 arbitration award, which found that a grievance protesting an employee's (Grievant) termination was arbitrable under the provisions of the 2014-2018 collective bargaining agreement (CBA) between the County and Teamsters Local 401 (the Union) and that the parties should proceed to arbitration on the merits of the underlying grievance.

The Union represents assistant district attorneys and assistant public defenders in the County. Grievance Arbitration Opinion and Award (Award), 2/9/18

at 2. The Union and the County have been parties to CBAs since 2005. *Id.* at 2-3. The CBA governing the parties when the present dispute arose was effective January 1, 2014 to December 31, 2018. *Id.* at 3.

By letter dated March 1, 2016, the District Attorney notified Grievant that his employment with the District Attorney's Office had terminated. *Id.* at 3. In the letter, the District Attorney stated that she "has the unrefuted authority, as acknowledged in [Section] 1620 of [T]he County Code[1] and specifically reserved in the [CBA] to reprimand, suspend or terminate [] employment with Luzerne County . . . ." Letter, 3/1/16, Reproduced Record (R.R.) at 292a. Thereafter, the Union, on behalf of Grievant, filed a grievance challenging his termination. R.R. at 355a. Subsequently, the First Assistant District Attorney informed the Union's attorneys that the District Attorney does not "consent to being subjected to the Arbitration procedure," as "the [CBA] specifically reserves the District Attorney's right to discharge employees under Section 1620 of [T]he County Code." Letter, 3/29/16, R.R. at 293a. This letter further related the District Attorney's view that "an Arbitrator is without jurisdiction to hear this matter," and that "he or she cannot overrule the authority specifically given by statute and reserved throughout [the] bargaining process and in the CBA to the District Attorney." *Id.* The District Attorney sent a similar letter to the Director of the Bureau of Mediation of the Pennsylvania Department of Labor and Industry, stating that "neither the District Attorney, nor Luzerne County, as employer, consent [sic] to the arbitration of [the] matter," contending "that jurisdiction does not exist for an arbitrator to supersede the discharging rights afforded the District Attorney and reserved in the CBA." Letter, 3/29/16, R.R. at 295a.

---

[1] Act of Aug. 9, 1955, P.L. 323, *as amended*, 16 P.S. § 1620.

2

The Union filed a charge of unfair labor practice with the Pennsylvania Labor Relations Board. Award at 4. The County then agreed to submit the grievance to a bifurcated arbitration process with the first hearing limited to the question of jurisdiction in order to determine whether the grievance could proceed to arbitration on the merits. *Id.* at 4 & 12. The parties agreed that the initial matter at issue was the arbitrability of the grievance, but disagreed as to how to frame that issue. *Id.* at 4. The arbitrator framed the issue as whether the grievance protesting the discharge of the Grievant was arbitrable under the provisions of the CBA. *Id.*

The arbitrator then held a hearing on the question of jurisdiction. Hearing, 10/4/17 at 1 & 4-5, R.R. at 124a & 127a-28a. The arbitrator issued an award on February 9, 2018, finding that "the grievance protesting the discharge of the Grievant is arbitrable under the provisions of the [CBA]," and that "[t]he grievance shall proceed" to arbitration on the merits. Award at 21.

The County filed a petition to vacate and stay the arbitration award (Petition) with the trial court on March 9, 2018, contending that the arbitrator issued an award that did not draw its essence from the 2014-2018 CBA because the arbitrator disregarded County Code Section 1620 in concluding that the grievance was arbitrable. Petition, 3/9/18 at 1, 4, & 11, R.R. at 110a, 113a & 120a. The trial court applied the essence test and found that the arbitration award logically flowed from the CBA; consequently, the trial court dismissed the County's Petition and directed the parties to resume arbitration. Trial Court Order, 6/8/18 at 1-2.

On July 2, 2018, the County filed a notice of appeal from the trial court order with this Court. Notice of Appeal, R.R. at 406a. We specifically directed the

3

parties to address the appealability of the trial court's order in their principal briefs.[2] Cmwlth. Ct. Order, 7/23/18, R.R. at 411a.

On appeal, the County requests that this Court reverse the trial court order and vacate the arbitration award. County's Brief at 37. The County further requests that this Court "specify that based on the District Attorney's proper assertion of the rights guaranteed in Section 1620 of [T]he County Code, [Grievant's] discharge is not arbitrable because a labor arbitrator lacks jurisdiction to interfere with the exercise of those rights." *Id.* at 37-38. In response, on the issue of arbitrability, the Union asserts that an order directing the parties to arbitration is not immediately appealable and further contends that where arbitration is mandatory, judicial involvement must await completion of that process. Union's Brief at 8.

The deciding question in the present case is whether the arbitrator's decision regarding the threshold issue of substantive arbitrability was immediately appealable. We considered this question in *Montgomery County Intermediate Unit v. Montgomery County Intermediate Unit Education Association*, 797 A.2d 432 (Pa. Cmwlth. 2002), a case involving a public sector labor dispute between the Montgomery County Intermediate Unit and a school district (collectively, Employers) and Montgomery County Intermediate Unit Education Association and

---

[2] On October 23, 2018, the County filed an application for relief pursuant to Pennsylvania Rule of Appellate Procedure 123, seeking to permit the County to supplement the record with certain correspondence between the County and the Union so that the issue of the appealability of the trial court order "may be fully and fairly addressed." County's Application for Relief, 10/23/18 at 1-3, R.R. at 419a-21a. By order dated November 19, 2018, this Court denied the County's application, noting that while the County sought to supplement the record with correspondence between counsel ostensibly agreeing that the arbitrator's determination as to whether the grievance at issue was subject to arbitration was immediately appealable, an agreement of the parties may not confer jurisdiction where it does not exist. Cmwlth. Ct. Order, 11/20/18 (citing Pa.R.A.P. 341; *S.K.C. v. J.L.C.*, 94 A.3d 402 (Pa. Super. 2014)).

4

Perkiomen Valley Education Association (collectively, Education Associations). *Id.* at 433. The Education Associations were parties to CBAs with Employers. *Id.* Each Employer terminated an employee represented by one of the Education Associations, and the terminated employees pursued grievance arbitration regarding their terminations. *Id.* The parties agreed to consolidate the cases before a single arbitrator and also *to bifurcate the process, addressing first the issue of arbitrability before proceeding to the merits*. *Id.* (emphasis added). The arbitrator determined that the underlying disputes were arbitrable. *Id.* Employers then filed a petition for review/petition to vacate the arbitration award. *Id.* The trial court granted the petition, vacated the arbitration award, stayed further arbitration proceedings and remanded the matter to the school boards to conduct hearings on the terminations. *Id.* The Education Associations appealed to this Court. *Id.* Upon review, we focused solely on whether the arbitrator's decision on the threshold issue of arbitrability was immediately appealable. *Id.* We held that it was not. *Id.* We found "that the trial court must await the final decision of the arbitrator before review," reasoning that "[w]here arbitration is mandatory, judicial involvement must await completion of that process." *Id.* at 432 & 434. Thus, we "vacate[d] the trial court's order and remand[ed] the matter to the arbitrator for the completion of the arbitration process." *Id.* at 432.

Here, the County appealed to the trial court the arbitrator's finding that the dispute was arbitrable and should proceed to arbitration on the merits of the underlying grievance. In dismissing the County's appeal, the trial court reviewed the merits of the arbitrability question, applying the essence test and concluding that the arbitrator's award flowed logically from the CBA. It was error, however, for the trial court to address the merits of the arbitrability issue. The trial court was unable

5

to evaluate the County's Petition because the County's appeal to the trial court was not permissible at that procedural stage of the case. *See Montgomery Cty. Intermediate Unit*, 797 A.2d at 434; *see also State Sys. of Higher Educ. v. Ass'n of Pa. State College and Univ. Faculties*, 550 A.2d 1385, 1386 (Pa. Cmwlth. 1988) (holding that a party may not appeal "the decision of a labor arbitrator on the question of substantive arbitrability prior to a decision by the arbitrator on the merits of the case"). As clearly established precedent indicates, courts generally must await the final decision of the arbitrator before undertaking review. *See Montgomery Cty. Intermediate Unit*, 797 A.2d at 432. "This approach increases the likelihood of more efficient, uninterrupted arbitration and, hopefully, resolution beyond the courthouse walls." *Id.* at 434; *see also State Sys. of Higher Educ.*, 550 A.2d at 1387 (stating that presumption favoring resolution of disputes through arbitration would be undermined by permitting appeal of arbitrator's decision prior to decision by arbitrator on merits of case). Moreover, the issue of arbitrability can be challenged by way of petition to vacate the final decision following the conclusion of arbitration proceedings. *State Sys. of Higher Educ.*, 550 A.2d at 1387.

Accordingly, we vacate the June 8, 2018 trial court order and remand this matter to the trial court to remand to the arbitrator to conduct arbitration and render a decision on the merits of the underlying grievance.[3]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[3] Because of our disposition, we do not reach the County's remaining arguments.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luzerne County,  :
              Appellant  :
                          :
      v.  :
                          :  No. 927 C.D. 2018
Teamsters Local 401  :

## O R D E R

AND NOW, this 10th day of July, 2019, the June 8, 2018 order of the Luzerne County Court of Common Pleas (trial court) is vacated, and this matter is remanded to the trial court to remand to the arbitrator to conduct arbitration and render a decision on the merits of the underlying grievance.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge