For the reasons stated herein, we reverse the order of the Superior Court.

Justice BALDWIN did not participate in the consideration or decision of this case.

Former Justice NEWMAN did not participate in the decision of this case.

Justices CASTILLE, SAYLOR, EAKIN and BAER join the opinion.

**George JONES, Appellant,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.**

Supreme Court of Pennsylvania.

May 31, 2007.

## ORDER

PER CURIAM.

**AND NOW,** this 31st day of May, 2007, the order of the Commonwealth Court is AFFIRMED.

**In re FIREARMS, ELEVEN.**

**Appeal of Commonwealth of Pennsylvania, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 10, 2007.

Filed April 3, 2007.

Daniel Stern, Assistant District Attorney, New Bloomfield, for Commonwealth, appellant.

Marc A. Scaringi, Harrisburg, for appellee.

BEFORE: BENDER, BOWES and COLVILLE,* JJ.

OPINION BY BOWES, J.:

¶ 1 In this appeal, we are asked to decide whether firearms owned by a convicted felon are subject to forfeiture.[1]

¶ 2 On January 8, 1991, John McCrae, Appellee, entered a guilty plea to one count of aggravated assault graded as a second degree felony, and was thereafter prohibited under 18 Pa.C.S. § 6105 from possessing, using, controlling, selling, transferring or manufacturing a firearm. He was required within a reasonable time after his conviction to transfer possession or control of any firearms that he then used or possessed. Thirteen years later, on July 19, 2004, after receiving evidence that Appellee was hunting with a firearm, members of the Pennsylvania State Police executed a search warrant at Appellee's residence at Route 1, Box 233, East Waterford, Pennsylvania. As a result of that search, the police seized from Appellee's residence eleven firearms, including two .22 caliber handguns, two shotguns, and seven rifles. The rifles included three carbines, one military rifle, one semiautomatic rifle, and one rifle that is a replica of an AK–47 machine gun. Following the seizure of the weapons in question, Appellee was charged with a violation of 18 Pa.C.S. § 6105, pleaded *nolo contendere* to the charge, and was sentenced to five years probation.

¶ 3 On July 13, 2005, the Commonwealth instituted this action by filing a petition for forfeiture against Appellee. In response to the Commonwealth's forfeiture motion, Appellee admitted that he had been convicted of aggravated assault, but denied that the eleven guns were subject to forfeiture and requested that he be permitted to designate a third party to receive them.[2] He claimed that the guns were also possessed by his wife, Teresita McCrae, due

---

* Retired Senior Judge assigned to the Superior Court.

1. While the Commonwealth Court may have been the proper venue in which to file an appeal in this forfeiture action, *In re One 1988 Toyota Corolla*, 675 A.2d 1290 (Pa.Cmwlth. 1996), neither party has objected to our exercise of appellate jurisdiction, and there is a significant body of Superior Court decisional law on this subject. Hence, we have elected to decide the merits of this appeal rather than transfer it to the Commonwealth Court. *See* Pa.R.A.P. 741(a), which provides:

The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

*Accord Shumake v. Philadelphia Board of Education*, 454 Pa.Super. 556, 686 A.2d 22, 24, n. 5 (1996)(while Commonwealth Court had jurisdiction over appeal in civil action against school district, Superior Court retained jurisdiction where neither party objected).

2. He also sought to designate another person to receive a rifle seized from his possession earlier that summer by Pennsylvania Game Commission Officer Steven J. Shaffer, who caught Appellee hunting out of season.

to their location in the marital home. Teresita filed her own motion seeking either the return of all twelve firearms to her or that she be permitted to have them transferred into the possession of a third party designee.

¶ 4 At a hearing held on January 20, 2006, the Commonwealth maintained that the weapons were subject to forfeiture as contraband because Appellee could not legally possess them. In order to establish a proprietary interest in the weapons sufficient to maintain a petition for their return, Appellee and his wife presented the following evidence. Appellee and Teresita lived at Route 1, Box 233, East Waterford, Pennsylvania. When he and Teresita married in 1993, Appellee owned the home, but transferred it into both his and her names. They also jointly owned their vehicles. Teresita and Appellee resided at the home together since their marriage, and during those years, Teresita had full access to the guns. She testified that the guns were kept in a locked case in the basement, and that the key to the gun case was available to both of them. She also indicated that she helped Appellee clean the weapons. N.T. Hearing, 1/20/06, at 14, 20. During cross-examination, Teresita admitted that she was not a hunter and never actually shot any of the guns but conceded that Appellee used them for hunting and target practice. *Id.* at 18–19. Moreover, Appellee acknowledged the firearms had been a gift to him by members of his family. *Id.* at 34.

¶ 5 To rebut Teresita's claim of joint ownership, the Commonwealth presented the testimony of Officer Shaffer, who went to the McCrae residence on July 9, 2004, to investigate gaming violations by Appellee. When he arrived, he asked Teresita where Appellee kept his guns, and she directed him to the gun case. While interviewing Teresita, Officer Shaffer asked her if the guns "were her guns." *Id.* at 24. In response, "she stated they were not. They were [Appellee's] guns[.]" *Id.*

¶ 6 Based on this evidence, the trial court found that the firearm seized by Appellee when he was hunting should be forfeited to the Commonwealth as derivative contraband used to commit a gaming violation, but that the other eleven firearms should be returned since there was no nexus between those guns and any criminal activity. The trial court concluded, "Since there is no evidence these firearms were used by the Defendant at the time of the execution of the search warrant[,] this Court finds that there is insufficient 'nexus' between these firearms and the offense for which the Defendant was charged and convicted and therefore are not subject to forfeiture[.]" Trial Court Order, 6/23/06, at 1. The trial court stated that since Appellee was not entitled to possess the firearms, they were to be "turned over to his wife, who shall dispose of the firearms by gift or sale and shall not be subject to the joint possession of Defendant and his wife in their residence." *Id.* at 2.

¶ 7 The Commonwealth filed the present appeal from that order,[3] averring that the firearms were contraband subject to forfeiture because Appellee, as a convicted felon, committed a crime by using and possessing them in the first instance. We conclude that the trial court improperly held that firearms possessed and used by Appellee, John McCrae, a convicted felon, were not subject to forfeiture as derivative contraband. We therefore reverse.

¶ 8 Initially, we examine 18 Pa.C.S. § 6105(a)(1) (emphases added), which provides:

**3.** Appellee did not cross appeal the portion of the order allowing forfeiture of the gun found in his possession when he was hunting out of season.

(a) Offense defined.—

(1) **A person who has been convicted of an offense enumerated in subsection (b)**, within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) **shall not possess, use, control, sell, transfer or manufacture** or obtain a license to possess, use, control, sell, transfer or manufacture **a firearm** in this Commonwealth.

(2)(i) A person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, not to exceed 60 days from the date of the imposition of the disability under this subsection, in which to sell or transfer that person's firearms to another eligible person who is not a member of the prohibited person's household.

Aggravated assault is an enumerated offense under subsection (b).

■ ¶ 9 We examine two issues in this appeal. We first must decide whether the Commonwealth's petition for forfeiture of the eleven firearms seized by police on July 19, 2004, was correctly denied, and we also must determine whether the trial court properly granted Teresita's petition for their return. Analysis of whether property should be forfeited to the Commonwealth is dependent upon whether the property is contraband; the burden of proving that the property is contraband rests upon the Commonwealth. *Commonwealth v. Howard,* 552 Pa. 27, 713 A.2d 89 (1998); *Commonwealth v. Fontanez,* 559 Pa. 92, 739 A.2d 152 (1999).

Two distinct classifications of contraband have been developed: contraband *per se,* and derivative contraband. Contraband *per se* is property the mere possession of which is unlawful. Heroin and 'moonshine' whiskey are examples of contraband *per se.* Derivative contraband is property innocent by itself, but used in the perpetration of an unlawful act. An example of derivative contraband is a truck used to transport illicit goods.

*Howard, supra* at 32, 713 A.2d at 92 (quoting *Commonwealth v. Fassnacht,* 246 Pa.Super. 42, 369 A.2d 800, 802 (1977)). Guns are not contraband per se because, unlike heroin or moonshine, it is not "inherently illegal" to possess a weapon. *Howard, supra; Petition of Koenig,* 444 Pa.Super. 163, 663 A.2d 725, 726–27 (1995); *Petition of Maglisco,* 341 Pa.Super. 525, 491 A.2d 1381 (1985). Hence, the guns in question are subject to forfeiture only if they are derivative contraband.

■ ¶ 10 Personal property that is not contraband *per se* is considered derivative contraband only if it has been used in the perpetration of an unlawful act. "Property is not derivative contraband merely because it is owned or used by someone who has been engaged in criminal conduct. Rather, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity." *Howard, supra* at 33, 713 A.2d at 92 (quoting *Petition of Koenig, supra* at 726–27).

Objects do not acquire "guilt by association" merely because they are owned by a person who has been engaged in criminal conduct. The requirement that a sufficient nexus exist between the property and the prohibited criminal activity serves to mitigate the potentially harsh results of permitting the Commonwealth to penalize a citizen by a civil action against his property rather than a criminal action against his person.

*Howard, supra* at 33, 713 A.2d at 92–93 (quoting *Koenig, supra* at 727).

¶ 11 In the present case, we disagree with the trial court's conclusion that there was no nexus between criminal activity and the eleven guns seized on July 19, 2004. Appellee was committing a crime under section 6105 by the mere fact that he possessed those weapons. *Cf. Howard, supra* (guns were legally possessed at time of seizure by the person seeking their return). Appellee's possession of these weapons was irrefutably established by the record. Teresita admitted that Appellee had access to them in the gun case and that he cleaned them. Appellee also conceded that members of his family had given the weapons to him. Finally, Teresita told Officer Shaffer that the guns belonged to Appellee and not to her and that Appellee used the weapons for target practice and hunting. Possession and use of these weapons by Appellee constituted a violation of 18 Pa.C.S. § 6105.

¶ 12 The trial court's conclusion that the guns were not derivative contraband rested solely on the fact that Appellee was not using them at the time of their seizure. However, violation of the statute in question, 18 Pa.C.S. § 6105, is not dependent upon a person's **use** of a weapon. It is illegal under section 6105 for a convicted felon to merely possess a weapon in the first instance.

¶ 13 The record admits of no other conclusion but that Appellee possessed these firearms on July 19, 2004, and by that act, the guns were part of the commission of a crime. Thus, there is an obvious nexus between criminal activity and the weapons in question, and the court committed an error of law in finding that they were not derivative contraband. *See Commonwealth v. Fassnacht,* 246 Pa.Super. 42, 369 A.2d 800 (1977) (trial court properly ordered confiscation of weapons despite Fassnacht's exoneration of criminal charges stemming from his possession of weapons where Commonwealth established he was dealing in weapons without a license in violation of federal law based on the types of weapons as well as the nature, quality, and methods of storage of the items seized).

¶ 14 Since there is no statutory authority for confiscation of the weapons in question, the Commonwealth's right to seize them is subject to analysis under common law forfeiture. *Commonwealth v. Crosby,* 390 Pa.Super. 140, 568 A.2d 233 (1990). When contraband is derivative and therefore subject to forfeiture under the common law, it is within the discretion of the trial court to order forfeiture, considering all of the factors at issue in a case. *Id.* As noted, the trial court herein committed an error of law as it concluded that the guns were not derivative contraband. We therefore proceed to examine whether the facts and circumstances of this case warrant the sanction of forfeiture.

¶ 15 We consider these factors to be relevant in this determination. Appellee was given ample opportunity in 1991, a period of sixty days, in which to distribute his firearms to third parties after he was convicted of aggravated assault; therefore, he should not now be heard to complain. Although the right to bear arms is subject to significant constitutional protection, Appellee had already lost that right by virtue of his 1991 felony conviction that involved the use of a firearm. Thus, the Commonwealth's confiscation of the weapons in question will have no additional impact on the quality of Appellee's life. *Cf. Crosby, supra.* Finally, the record establishes that Appellee continued to possess hunting rifles and pistols and consistently used those guns, evidencing a blatant disregard for the law.

¶ 16 Most importantly, section 6105 criminalizes behavior that presents a significant risk to the public at large, which is

possession of guns by convicted felons. The value of the personal property at issue in this case is minimal compared to the weighty public interest in ensuring that felons do not possess and use firearms. In light of all the factors present in this case, forfeiture was warranted.

■ ¶ 17 We also conclude that Teresita's petition to return the guns was improperly granted because the record establishes that she was not entitled to maintain a petition for their return. Pa. R.Crim.P. 588 (emphasis added),[4] motion for return of property, states:

> (A) **A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.** Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

■ ¶ 18 As this rule indicates, a prerequisite for seeking the return of property is an ownership interest by the person who files the petition. Case law interpreting this rule mandates that in order to seek return of an item seized by the Commonwealth, the petitioner must make a preliminary showing that the property belongs to him or her. In *Commonwealth v. Pomerantz*, 393 Pa.Super. 186, 573 A.2d 1149 (1990), Pomerantz filed a motion for return of cash seized from his house, but he never testified at the hearing on the

motion that the money belonged to him. He appealed the denial of his petition, claiming that the Commonwealth had not established that the money was contraband, and therefore, it should be returned to him. We refused to entertain the issue of whether the money was contraband, stating, "On any motion for return of property, the moving party must first establish entitlement to lawful possession, Rule 324(a) [now Rule 588(a)], before any obligation is placed upon the Commonwealth to prove that the property at issue is contraband." *Id.* at 1151–52. We concluded, "Where the trial court is not provided with credible evidence as to ownership or entitlement, a motion for return of money should not be granted." *Id.* at 1152.

¶ 19 Similarly, in *Commonwealth v. Doranzo*, 365 Pa.Super. 129, 529 A.2d 6 (1987), Doranzo had been dealing in stolen goods and sought return of certain property seized from his possession. The Commonwealth had not established that the property in question was stolen, but only that other property it had seized from Doranzo was stolen and that Doranzo had been dealing in stolen goods. Doranzo never produced any evidence of lawful possession. The trial court granted the petition for return, placing the burden of proving that the petitioner did not own the property on the Commonwealth. We reversed, concluding that the Commonwealth had produced sufficient evidence of unlawful possession by a preponderance of the evidence, and therefore, Doranzo was not entitled to a return of the property.

¶ 20 In the present case, Teresita admitted to Officer Shaffer that the guns belonged to Appellee and not to her, told the court that she never used them, acknowledged that Appellee was the only person in the residence to use them, and stated that

---

4. This rule was formerly at Pa.R.Crim.P. 324.

 

she merely helped Appellee clean the guns. Appellee confirmed his ownership of these weapons when he stated that they had been given to him by members of his family. *Cf. Commonwealth v. One 1985 Dark Blue Mercedes Benz Car,* 391 Pa.Super. 507, 571 A.2d 482 (1990) (petitioner had established ownership of car in Commonwealth's possession where he introduced evidence that he was the registered owner of the vehicle and testified about how he acquired car); *Commonwealth v. Younge,* 446 Pa.Super. 541, 667 A.2d 739 (1995) (petitioner testified that cash seized from car that he had been driving when cash was taken by police after petitioner committed traffic infractions belonged to him).

¶ 21 Furthermore, Teresita did not obtain an ownership interest in the guns merely because Appellee placed them in their jointly-owned residence. Property acquired by gift is not considered marital property. 23 Pa.C.S. § 3501(a)(3). Similarly, property acquired prior to marriage retains its separate status. 23 Pa.C.S. § 3501(a)(1). It is only where property is acquired in anticipation of or during marriage that a presumption of its ownership by the entireties will apply. 23 Pa.C.S. § 3501(a); *see DiFlorido v. DiFlorido,* 459 Pa. 641, 331 A.2d 174 (1975). It is clear from the record that Teresita did not make a facial showing that she owned or jointly owned these guns with Appellee. They were legally his separate property. She therefore could not proceed with a petition for their return under Pa.R.Crim.P. 588, and her petition for return was improperly granted.

¶ 22 Order vacated. Case remanded. Jurisdiction relinquished.