J-A13019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WALTER JAMES KITKO | |
| Appellant | No. 977 WDA 2015 |

Appeal from the Order dated June 16, 2015
In the Court of Common Pleas of Clearfield County
Criminal Division at No: CP-17-CR-0000501-2010

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　　**FILED SEPTEMBER 16, 2016**

Appellant Walter James Kitko appeals from the June 16, 2015 order of the Court of Common Pleas of Clearfield County ("trial court"), granting the Commonwealth's "Motion to Dispose of Evidence and Motion for Forfeiture of Contraband" ("Forfeiture Motion").  Upon review, we vacate and remand.

The facts and procedural history of this case are undisputed. Appellant's paramour, the victim herein, complained to the DuBois Police Department, Clearfield County, that Appellant used electronic surveillance equipment to record her without her consent while she was either in states of undress or engaged in intimate sexual acts and disseminated the explicit recordings to her and her ex-husband.  The Commonwealth initially charged Appellant with sixty-three counts of various criminal violations, including invasion of privacy, harassment, terroristic threats, obscene and other

sexual materials, and stalking. Thereafter, the Commonwealth added twenty-four additional counts of invasion of privacy, and nine counts of obscene and other sexual materials. In support of the charges, the Commonwealth conducted searches of Appellant's and his brother Cameron Kitko's residence located in neighboring Jefferson County. Upon execution of the warrants, the police seized various items, which have remained in the possession of Clearfield County's DuBois Police Department.

While the case was pending, on December 22, 2010, Appellant's brother filed a *pro se* "Petition for Return of Property" in the Clearfield County trial court. On March 8, 2011, the trial court denied Appellant's brother's petition. Citing Pa.R.Crim.P. 588,[1] the trial court explained that Appellant's brother "should have filed his petition in the court of common pleas for the judicial district in which the property was seized," *i.e.*, Jefferson County. **See** Trial Court Order, 3/8/11. Thereafter, the parties entered into

---

[1] Rule 588, relating to motion for return of property, provides in part:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. **Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized**.

> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A), (B) (emphasis added).

a negotiated plea agreement whereby Appellant agreed to plead guilty to three counts of invasion of privacy, a third-degree misdemeanor, and serve three years of probation. In exchange, the Commonwealth *nolle prossed* the remaining charges.

After Appellant finished serving his sentence, on April 16, 2015, he filed a petition for return of seized property in the Court of Common Pleas of Jefferson County under Rule 588.[2] While Appellant's petition was pending in Jefferson County, the Commonwealth filed the instant Forfeiture Motion with Clearfield County trial court.[3] The seized items subject to Appellant's and the Commonwealth's respective motions appear to be identical and include:

> (a) Item #1 on Docket Number 56-1-10, Bluish Samsung Verizon #771-9214 Ser #A00000148088E8;
>
> (b) Item #2 on Docket Number 56-1-10, Bluish Samsung Verizon #591-2711 Ser #A100000140F932;
>
> (c) Item #3 on Docket Number 56-1-10, HP Silver Camera Model #6RLYB-03020;
>
> (d) Item #4 on Docket Number 56-1-10, Black small VHS tape with Kitko on it;
>
> (e) Item #5 on Docket Number 56-1-10, CD ROM Ser #1977;
>
> (f) Item #6 on Docket Number 56-1-10-, Note worthy 56k Modern PC Card #0013524;

---

[2] Appellant claims that his brother joined the petition for return of property. Because we do not have the Jefferson County record before us, we are unable to verify this claim. **See** Appellant's Brief at 4.

[3] The Commonwealth's Forfeiture Motion appears to have been predicated on common law forfeiture.

(g) Item #7 on Docket Number 56-1-10, VHS Tapes (17) Black;

(h) Item #8 on Docket Number 56-1-10, White Paper with Letter to [the victim];

(i) Item #1 on Docket Number 56-2-10, HP Brio Computer w/ keyboard and mouse;

(j) Item #2 on Docket Number 56-2-10, Black Nokia Cell Phone FCC 10 QTLRH65;

(k) Item #3 on Docket Number 56-2-10, Black Motorola Cell Phone FCC 10-1HDT56GA1,

(l) Item #4 on Docket Number 56-1-10, Silver Verizon LG Cell Phone FCC 10-13EJTM250;

(m) Item #5 on Docket Number 56-2-10, Gray Verizon LF Cell Phone FCC 10-BEJVX5400;

(n) Item #6 on Docket Number 56-2-10, Sony Cybershot Digital Camera;

(o) Item #7 on Docket Number 52-2-10, Yoku Electronic Component;

(p) Item #8 Docket Number 52-2-10, Box for Wireless Camera;

(q) Item #9 Docket Number 52-2-10, Box for HP Photosmart Digital Camera;

(r) Item #10 Docket Number 52-2-10, Box for FUJI Film Digital Camera;

(s) Item #11 on Docket Number 52-2-10, Sony 8 MM Video Cassette;

(t) Item #12 on Docket Number 52-2-10, RCA Camcorder; and

(u) Item #13 on Docket Number 52-2-10, Verizon LG VX 5200 Cell Phone Box.

Commonwealth's Forfeiture Motion, 5/1/15. Thereafter, on May 5, 2015, Appellant transferred all seized property to his brother. On June 16, 2015,

the Clearfield County trial court held a hearing on the Commonwealth's Forfeiture Motion, at which both parties presented only arguments.[4,5] Following the hearing, the trial court granted in part the Commonwealth's Forfeiture Motion, authorizing the Commonwealth to dispose of the following seized items:

(a) A blue Samsung Verizon phone, number 771-9214, serial number A00000148088E8;

(b) A blue Samsung Verizon phone, number 591-2711, serial number A100000140F932;

(c) Seventeen (17) VHS tapes, black;

(d) A white paper with letter to [the victim]; and

(e) RCA camcorder.

Trial Court Order, 6/16/15. The trial court ordered the Commonwealth to return the remaining items to Appellant. Appellant timely appealed to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

---

[4] The trial court denied Appellant's request to present evidence at the hearing. N.T. Hearing, 6/16/15 at 5-7.

[5] We note that the Court of Common Pleas of Jefferson County scheduled a hearing on Appellant's petition for return of property for June 25, 2015, but in light of the disposition of the Commonwealth's Forfeiture Motion in Clearfield County, it *sine die* continued the June 25, 2015 hearing.

On appeal,[6] Appellant raises two issues for our review:

1. The lower court lacked jurisdiction to hear and decide the Commonwealth's [Forfeiture Motion].

2. Assuming the lower court did possess jurisdiction to hear and decide the Commonwealth's [Forfeiture Motion], the lower court erred by not conducting a full hearing.

Appellant Brief at 2.

We first address Appellant's contention that the Clearfield County trial court lacked jurisdiction to hear and decide the Commonwealth's Forfeiture Motion. At the core, Appellant argues only that the trial court abused its discretion in ruling on the Forfeiture Motion when Appellant's petition for

_____

[6] As we have explained in *In re Firearms, Eleven*, 922 A.2d 906 (Pa. Super. 2007):

While the Commonwealth Court may have been the proper venue in which to file an appeal in this forfeiture action, *In re One 1988 Toyota Corolla*, 675 A.2d 1290 (Pa. Cmwlth. 1996), neither party has objected to our exercise of appellate jurisdiction, and there is a [] body of Superior Court decisional law on this subject. Hence, we have elected to decide the merits of this appeal rather than transfer it to the Commonwealth Court. *See* Pa.R.A.P. 741(a), which provides:

The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

*Accord Shumake v. Philadelphia Bd. of Educ.,* 686 A.2d 22, 24, n. 5 (Pa. Super. 1996) (while Commonwealth Court had jurisdiction over appeal in civil action against school district, Superior Court retained jurisdiction where neither party objected).

*In re Firearms, Eleven*, 922 A.2d at 908 n.1.

return of property was already pending in the Court of Common Pleas of Jefferson County. We agree.

At the outset, we note that our review of the docket here indicates that on April 16, 2015, Appellant filed a petition for return of property in Jefferson County under Rule 588. As we noted above and as the trial court (Clearfield County) acknowledged in its March 8, 2011 order, Rule 588 sets forth venue when motions for return of property are filed. Specifically, Rule 588 provides that motions for return of property "*__shall be filed in the court of common pleas for the judicial district in which the property was seized__*." Pa.R.Crim.P. 588(A) (emphasis added). The parties here do not dispute that the evidence *sub judice* was seized in Jefferson County pursuant to search warrants issued by a Magisterial District Judge in that county. Thus, Appellant's petition for return of property was filed properly in Jefferson County.

After Appellant properly sought the return of his property in Jefferson County, the Commonwealth filed the instant Forfeiture Motion in Clearfield County, involving the same property, on May 1, 2015. Because Appellant's action already was pending in Jefferson County, the Clearfield County trial court abused its discretion in holding a hearing and then ruling on the Commonwealth's Forfeiture Motion. The Clearfield County trial court should have held the Commonwealth's Forfeiture Motion in abeyance until the Court of Common Pleas of Jefferson County had an opportunity to conduct a hearing and rule on Appellant's petition for return of property. By ruling on

the Commonwealth's Forfeiture Motion **before** the Court of Common Pleas of Jefferson County decided Appellant's petition for return of property, the Clearfield County trial court deprived Appellant of the protections afforded under Rule 588. Accordingly, we vacate the trial court's June 16, 2015 order granting in part the Commonwealth's Forfeiture Motion and remand the matter to the trial court with instruction to decide the Forfeiture Motion only after the Court of Common Pleas of Jefferson County rules on Appellant's petition for return of property.[7, 8]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2016

---

[7] The Court of Common Pleas of Jefferson County must receive evidence necessary to determine who owns each item of property in question. **See** Pa.R.Crim.P. 588(B).

[8] Based on the outcome, we need not address Appellant's second issue.