J-S77015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TODD ERIC MESSNER, | |
| Appellant | No. 664 MDA 2017 |

Appeal from the Order Entered March 13, 2017
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000025-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                 **FILED FEBRUARY 02, 2018**

Todd Eric Messner, Appellant, appeals from the trial court's March 13, 2017 order denying his "Motion for Return of Property Pursuant to Pa.R.Crim.P. Rule 588" (hereinafter, "Motion").  After careful review, we affirm.

Briefly, Appellant's Motion sought the return of several firearms seized by police during their investigation of his commission of various arson-related offenses.  Appellant was ultimately arrested and charged with numerous crimes.  On July 14, 2016, he pled *nolo contendere* to reckless burning or exploding, 18 Pa.C.S. § 3301(d)(1), and possession of explosive or incendiary material, 18 Pa.C.S. § 3301(f).  Appellant was sentenced that

_____

[*] Former Justice specially assigned to the Superior Court.

same day to 18 to 36 months' incarceration, followed by 3 years' probation. He was granted immediate parole. Appellant did not file a direct appeal from his judgment of sentence.

On December 20, 2016, Appellant filed the at-issue Motion seeking the return of the firearms seized during the investigation of his criminal matter. Specifically, Appellant asked that the guns be returned to himself or his wife, Alda Messner, or, alternatively, that he be permitted "to relinquish these weapons to his uncle, Thomas Moffat, Jr." **See** Motion, 12/20/16, at 2 (unnumbered). The trial court conducted a hearing on the Motion on March 2, 2017, at which Appellant, Mrs. Messner, and Mr. Moffat each testified. On March 13, 2017, the court issued an order denying Appellant's Motion.

Appellant filed a timely notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents one issue for our review:

A. Whether … the … trial court erred or abused its discretion when it denied [Appellant's] Motion … pursuant to Rule of Criminal Procedure 588 and declined to return the requested firearms to Alda Messner and Tom Moffett?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Our Court has previously explained:

The standard of review applied in cases involving motions for the return of property is an abuse of discretion. In conducting our review, we bear in mind that it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered. It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court.

Pennsylvania Rule of Criminal Procedure … 588 addresses motions for the return of property and reads as follows:

**Motion for Return of Property**

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A) and (B).

\*\*\*

The law is well settled that:

[o]n a motion for return of property, the moving party has the burden of proving ownership or lawful possession of the items. The burden then shifts to the Commonwealth to prove, by a preponderance of the evidence, that the property is contraband.

[D]erivative contraband is property which is innocent in itself but which has been used in the perpetration of an unlawful act. Property is not derivative contraband, however, merely because it is owned or used by someone who has been engaged in criminal conduct. Rather, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity.

*Commonwealth v. Durham*, 9 A.3d 641, 645–46 (Pa. Super. 2010) (internal quotation marks, citations, and footnote omitted).

In this case, the trial court denied Appellant's Motion for return of the firearms on the basis that Appellant had failed to meet his preliminary

burden of proving that he, Mrs. Messner, or Mr. Moffat had a lawful ownership interest in the guns. *See* Trial Court Opinion (TCO), 6/9/17, at 2. For the following reasons, we discern no abuse of discretion in the court's decision.[1]

Preliminarily, the court correctly determined that Appellant, himself, can no longer lawfully possess the firearms in question, as his convictions in this case preclude him from doing so. *See* TCO at 2; *see also* 18 Pa.C.S. § 6105(a)(1), (b) (directing that a person convicted of an offense set forth in 18 Pa.C.S. § 3301 "shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth"). Notably, Appellant does not challenge this determination on appeal, conceding "that he is no longer able to possess firearms…." Appellant's Brief at 17.

---

[1] This is especially true where Appellant offers minimal discussion of why the court erred in determining that neither he, nor his wife or uncle, had a lawful ownership interest in the firearms. Instead, he devotes the majority of his argument to contending that the seized firearms are not contraband or derivative contraband, and the cases on which he primarily relies also address this issue, rather than the question of ownership of the firearms. *See, e.g.*, *Commonwealth v. Howard*, 713 A.2d 89 (Pa. 1998) (discussing whether firearms seized from a seller's private collection constituted derivative contraband subject to forfeiture); *Petition of Maglisco*, 491 A.2d 1381 (Pa. Super. 1985) (discussing the law of derivative contraband, and holding that, while a pistol used by the petitioner to shoot her husband was clearly derivative contraband, other firearms that she owned, which were not used in the crime, were not derivative contraband).

Appellant does challenge, however, the trial court's determination that neither his wife (Mrs. Messner), nor his uncle (Mr. Moffat), demonstrated an ownership interest in the guns. *Id.* at 18. According to Appellant, "the record is clear that at least two of the firearms, specifically one of the .380 rifles and a nine millimeter handgun, belonged to Mrs. Messner. There was no testimony offered by the Commonwealth to rebut her claims. As a consequence, unless these firearms are derivative contraband, she is entitled to their return." *Id.* Appellant also claims that the other guns are "family heirlooms," and that the court should have permitted him to transfer those guns Mr. Moffat's ownership to ensure that they can be "pass[ed] on to the next generation and generations thereafter." *Id.* at 18.

Appellant's argument is unconvincing. We initially note that neither Mrs. Messner, nor Mr. Moffat, filed their own petition for the return of the firearms to their possession; instead, Appellant simply named them in **his** Motion for the return of that property. Rule 588 states that "[a] person aggrieved by a search and seizure … may move for the return of the property on the ground that **he or she** is entitled to lawful possession thereof." Pa.R.Crim.P. 588(a) (emphasis). Thus, Rule 588 does not seemingly permit Appellant to move for the return of the firearms on the basis that Mrs. Messner and/or Mr. Moffat are entitled to lawful possession thereof. **See In re Firearms, Eleven**, 922 A.2d 906 (Pa. Super. 2007) (considering whether a wife was entitled, under Rule 588, to the return of

guns seized from her husband where **the wife** had filed a petition for the return of that property).

In any event, even if the Motion was properly framed, we would conclude that the trial court did not abuse its discretion by denying Appellant's request for the return of the firearms to Mrs. Messner or Mr. Moffat on the basis that neither individual had a lawful ownership interest in the guns. First, the trial court clearly disbelieved Mrs. Messner's testimony that two of the guns belonged to her, stressing that she produced no documentation to prove her ownership of those weapons.[2] **See** TCO at 2. The record supports the court's determination. Furthermore, we reject Appellant's argument that because the Commonwealth produced no evidence to refute Mrs. Messner's testimony, the court was required to accept it as proof of her ownership of two of the guns. As stated *supra*, "it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered." **Durham**, 9 A.3d at 645.

Second, we ascertain no abuse of discretion in the trial court's decision that the guns should not be returned to Mr. Moffat. The court pointed out that Mr. Moffat did not even suggest that he owned the firearms, let alone

---

[2] Indeed, Appellant's wife acknowledged that documents proving she purchased two of the guns would surely be "on file" at the business where those sales were conducted, but she conceded that she had not brought that documentation to the hearing. N.T. Hearing, 3/2/17, at 3.

prove any ownership interest in that property. Again, the record supports the court's determination.

Moreover, while we appreciate Appellant's argument that the 'family heirloom' guns should be transferred to Mr. Moffat's ownership to preserve them for future generations, Appellant unfortunately did not utilize the proper method for transferring those firearms. Rule 588 is not, on its face, a mechanism for transferring ownership of property; it is a mechanism for seeking return of property that one already owns. Additionally, 18 Pa.C.S. § 6105 provides that "[a] person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, not to exceed 60 days from the date of the imposition of the disability under this subsection, in which to sell or transfer that person's firearms to another eligible person who is not a member of the prohibited person's household." *See* 18 Pa.C.S. § 6105(a)(2)(i). Here, Appellant did not seek to transfer the firearms to Mr. Moffat's possession within 60 days of his July 14, 2016 conviction; instead, he waited until December 20, 2016 to file his Motion requesting that transfer. Because of Appellant's delay, we cannot conclude that the trial court abused its discretion by denying his Motion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/18