J-S32034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC S. WHISTLER | : | |
| | : | |
| Appellant | : | No. 18 MDA 2018 |

Appeal from the Order Entered November 17, 2017
in the Court of Common Pleas of Cumberland County
Criminal Division at No.:  CP-21-CR-0002613-2015

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 27, 2018**

Appellant, Eric S. Whistler, appeals *pro se* from the November 17, 2017 order denying his motion for the return of property, filed pursuant to Pennsylvania Rule of Criminal Procedure 588.  We affirm.

We take the underlying facts and procedural history in this matter from the trial court's February 15, 2018 opinion and our independent review of the certified record.  The record reveals that on June 7, 2011, Appellant was arrested for an incident of domestic violence involving his ex-wife.  In connection with that incident, he pleaded guilty to simple assault on August 22, 2011.

On September 25, 2015, Appellant was charged at Docket No. 2612-2015, with one count each of rape of a child, statutory sexual assault, involuntary deviate sexual intercourse, unlawful contact, aggravated indecent

_____

* Retired Senior Judge assigned to the Superior Court.

assault, indecent assault, and corruption of a minor. (**See** Commonwealth's Brief, at 2). A few days later, pursuant to two search warrants, the Pennsylvania State Police searched the home of Appellant's girlfriend and seized twenty-nine firearms belonging to Appellant. (**See** N.T. Hearing, 11/16/17 at 4). On October 5, 2015, Appellant was charged with twenty-nine counts of persons not to possess or own firearms.

On July 5, 2016, Appellant pleaded guilty to one consolidated charge of person not to possess or own firearms at Docket No. 2613-2015,[1] and one count each of statutory sexual assault, aggravated indecent assault, and corruption of minors at Docket No. 2612-2015.

On November 9, 2016, the trial court sentenced him to an aggregate term of incarceration of not less than eight nor more than twenty-four years in a state correctional institution.

_____

[1] 18 Pa.C.S.A. § 6105.

Because of his domestic violence conviction, Appellant was not permitted to possess or own firearms.[2] Therefore, pursuant to two search warrant, the Pennsylvania State Police confiscated his firearms.[3]

On July 31, 2017, Appellant filed a *pro se* petition for a return of the firearms, or, in the alternative, their transfer to his mother. (**See** Petition for Return of Property, 7/31/17, at unnumbered pages 1-2). Following a November 16, 2017 hearing, the trial court denied his petition. (**See** Order, 11/17/17).

The instant, timely appeal followed.[4] The trial court directed Appellant to file a concise statement of errors complained of on appeal and Appellant

_____

[2] **See** 18 U.S.C.A. § 922(g)(9) (possession prohibited to person convicted in any court of a misdemeanor crime of domestic violence). **See also Binderup v. Attorney Gen. United States of Am.**, 836 F.3d 336, 339 (3d Cir. 2016), *cert. denied sub nom.* **Sessions v. Binderup**, 137 S. Ct. 2323, (2017), and *cert. denied sub nom.* **Binderup v. Sessions**, 137 S. Ct. 2323, (2017), which, in a "fractured vote" addressed the impact of section 922(g)(**1**) on the constitutional right to keep and bear arms. It bears noting here that by the time of Appellant's motion, he was also prohibited from possessing firearms based on the numerous subsequent convictions under state law.

[3] The state police found four firearms based on the first search warrant. They executed a second search warrant after they obtained the combination to Appellant's safe where he kept the rest of the firearms.

[4] "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012) (citation omitted). Here, the envelope for Appellant's notice of appeal is date-stamped December 18, 2017, the thirtieth day. Thus, the appeal is timely.

timely complied on January 12, 2018. *See* Pa.R.A.P. 1925(b). On February 15, 2018, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant presents the following question for our review:

> A. [Did Appellant] establish the right to a lawful possession of the [twenty-nine] firearms, because at the time of seizure, he was not a convicted felon, had a valid Pa. [g]un [l]icense, and did not commit a crime with any of the guns[?] Did the [trial] court abuse its discretion and commit legal error by labeling these firearms contraband and denying his petition for return of property?

(Appellant's Brief, at 4).

Our standard of review in these cases is well-settled:

> The standard of review applied in cases involving motions for the return of property is an abuse of discretion. In conducting our review, we bear in mind that it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered. It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court.

*Commonwealth v. Rodriguez*, 172 A.3d 1162, 1165 (Pa. Super. 2017) (citation omitted).

Pennsylvania Rule of Criminal Procedure 588, Motion for Return of Property, provides in pertinent part:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court

determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A) and (B).

This Court has stated:

[o]n a motion for return of property, the moving party has the burden of proving ownership or lawful possession of the items. The burden then shifts to the Commonwealth to prove, by a preponderance of the evidence, that the property is contraband.

[D]erivative contraband is property which is innocent in itself but which has been used in the perpetration of an unlawful act. Property is not derivative contraband, however, merely because it is owned or used by someone who has been engaged in criminal conduct. Rather, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity.

**Commonwealth v. Durham**, 9 A.3d 641, 646 (Pa. Super. 2010), *appeal denied*, 19 A.3d 1050 (Pa. 2011) (citation omitted).

In the instant matter, the trial court found that Appellant had failed to meet his preliminary burden of proving that he or his mother, Grace Grimm, had a lawful ownership interest in the firearms. (**See** Trial Ct. Op., at 2-5). We agree.

Initially, the court correctly determined that Appellant could no longer lawfully possess the firearms in question, as his convictions, noted above, precluded him from doing so. (**See id.** at 3); **see also** 18 Pa.C.S.A. § 6105(a)(1) (directing that person convicted of offenses set forth in § 6105(b) "shall not possess, use, control, sell, transfer or manufacture or

obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.").

In his brief, Appellant in effect ignores the fact that he can no longer possess a firearm, and, instead argues that, because he believes he was entitled to possess the firearms at the time of seizure, he is still entitled to their return. (**See** Appellant's Brief, at 8-12). We disagree.

The record confirms that Appellant had a conviction for simple assault in 2011, which arose out of an incident of domestic violence with his ex-wife. (**See** Trial Ct. Op., at 3). Thus, pursuant to both state and federal law, Appellant could not lawfully possess a firearm. **See** 18 U.S.C. § 922(g)(9); **see also** 18 Pa.C.S.A. § 6105(c)(9).[5] This Court has stated that, where a person is prohibited from having a firearm, **the mere fact of possessing** one is a violation of Section 6105. **See In re Firearms, Eleven**, 922 A.2d 906, 911-12 (Pa. Super. 2007), *appeal denied*, 932 A.2d 1289 (Pa. 2007) (citations omitted). Because the operative conditions are conviction and possession, Appellant's assertion that the Commonwealth had the burden to establish that the firearms were derivative contraband is incorrect and unavailing. Thus, the

---

[5] **(9)** has been convicted in any court of a misdemeanor crime of domestic violence.

18 U.S.C.A. § 922 (g) (9).

trial court did not err or abuse its discretion in determining that Appellant was not entitled to the return of the firearms. *See id.*

Appellant also challenges the trial court's determination that his mother, Ms. Grimm, was not entitled to return of the weapons. (*See* Appellant's Brief, at 12-13). Appellant argues the Commonwealth's refusal to return Whistler's property violates Pa.R.Crim.P. 588 and is unconstitutional. We disagree.

We agree with the trial court that Appellant's mother failed to establish that she was entitled to lawful possession of the firearms. To the contrary, she disclaimed ownership. (*See* N.T. Proceedings – Motion For Return of Property, 11/16/17, at 11). Moreover, Ms. Grimm did not file her own petition for the return of the firearms to her possession; instead, Appellant simply named her in his petition for the return of that property. (*See* Petition for Return of Property, *supra* at unnumbered page 2). Rule 588 provides that "[a] person aggrieved by a search and seizure . . . may move for the return of the property on the ground that **he or she is entitled to lawful possession** thereof." Pa.R.Crim.P. 588(A) (emphasis added).

Thus, Rule 588 does not permit Ms. Grimm to move for the return of the firearms on the basis that she is entitled to lawful possession thereof. *See In re Firearms, Eleven*, *supra* at 912 (petitioner must make a preliminary showing that the property belongs to him or her). (*See* N.T. Hearing, 11/16/17, at 7).

Moreover, we note that Rule 588 is not, on its face, a procedure for transferring ownership of property; it is a procedure for the return of property that one already owns.

Additionally, 18 Pa.C.S.A. § 6105 provides that "[a] person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, **not to exceed 60 days** from the date of the imposition of the disability under this subsection, in which to sell or transfer that person's firearms to another eligible person who is not a member of the prohibited person's household."   18 Pa.C.S.A. § 6105(a)(2)(i) (emphasis added).

Here, Appellant did not seek to transfer the firearms to his mother's possession within sixty days of his July 5, 2016 conviction.  Instead, he waited a year until July 2017 to file his motion requesting that transfer.

In addition to the other reasons noted, because of Appellant's delay, we cannot conclude that the trial court abused its discretion by denying his motion.  Our reasoning differs somewhat from that of the trial court, but we may affirm its decision on any basis which is correct under the law.[6]

Order affirmed.

---

[6] *See Commonwealth v Hunter*, 60 A.3d 156, 162 n.18 (Pa. Super. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/27/2018