J-S58042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDWARD COON | : | |
| | : | |
| Appellant | : | No. 840 WDA 2019 |

Appeal from the Order Dated May 8, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-MD-00557-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED JANUARY 09, 2020**

Appellant, Edward Coon, appeals from the Order entered May 8, 2019, which denied his Motion for Return of Property. Appellant seeks the return of $1,993.00 in cash, seized from him in the course of certain criminal proceedings. We affirm.[1]

We derive the following facts from the trial court's Opinion and Order, filed May 8, 2019:

In April 2011, Erie police arrested Appellant for a firearms-related offense. At the time of his arrest, Appellant had in his possession $1,993.00 in cash. Police seized this cash.

---

[1] The Commonwealth Court is the proper venue in which to file an appeal in a forfeiture action. *See, e.g.*, *In re One 1988 Toyota Corolla*, 675 A.2d 1290, 194-95 (Pa. Cmwlth. 1996). However, as neither party has objected to our exercise of appellate jurisdiction, we decline to transfer and will instead decide this appeal on the merits. *See* Pa.R.A.P. 741(a).

Contemporaneously, police were also investigating Appellant's involvement in narcotics distribution. Upon executing a search warrant of Appellant's residence, police discovered and seized cocaine. Thus, police also charged Appellant with narcotics violations.

The Commonwealth prosecuted Appellant at two criminal dockets. Ultimately, a jury acquitted Appellant of firearms charge at Docket No. 2246-2011, but a separate jury—at a separate trial—convicted Appellant of several narcotics-related offenses at Docket No. 2101-2012. **See generally** Trial Ct. Op. and Order, 5/8/19, at 1-2.

In June 2018, Appellant filed a Motion for Return of Property. Referencing Docket No. 2246-2011 and his acquittal of the charge therein, Appellant sought the return of $1,993.00. Motion for Return of Property, 6/27/18. The Commonwealth opposed Appellant's Motion, asserting in relevant part that: (1) at the time of his arrest, Appellant had no lawful means of employment; (2) Appellant engaged in the distribution of narcotics such that he would be in possession of a large amount of cash; (3) Appellant's primary source of income was from the distribution of narcotics; and (4) Appellant failed to articulate a lawful means of acquiring $1,993.00. Commonwealth's Response, 8/17/18, at 5-6.[2]

---

[2] Initially, the Commonwealth also challenged the timeliness of Appellant's Motion for Return of Property. **Id.** at 4. The Commonwealth does not pursue this claim on appeal, deferring rather to the trial court's substantive analysis. **See** Commonwealth's Br. at 1. Under certain circumstances not relevant here,

In April 2019, the trial court conducted an evidentiary hearing. In addition to the facts set forth above, the court confirmed with Appellant that he received Social Security benefits. N.T. Hearing, 4/26/19, at 4-5. Otherwise, Appellant introduced no relevant evidence. *See id.* at 19-24 (via cross-examination, Appellant questioning (1) whether several Commonwealth witnesses were informants and (2) whether police seized the cash pursuant to a warrant and further asserting (3) that the Commonwealth untimely pursued a forfeiture action.[3])

In May 2019, the trial court denied Appellant's Motion for Return of Property. Appellant timely appealed *pro se* and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court issued a responsive Memorandum Opinion.

Appellant challenges the trial court's order denying his Motion for Return of Property. *See* Appellant's Br. at 6 (unpaginated). Our review is limited to whether substantial evidence supports the trial court's findings of fact and whether the court abused its discretion or committed an error of law. *Singleton v. Johnson*, 929 A.2d 1224, 1227 n.5 (Pa. Cmwlth. 2007);

---

an untimely motion for return of property is subject to waiver. *See, e.g.*, *Commonwealth v. Irland*, 193 A.3d 370, 377 n.9 (Pa. 2018) (distinguishing *Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014)).

[3] In September 2018, the Commonwealth filed a Motion to Forfeit Property. The trial court denied the Commonwealth's Motion as untimely filed. Trial Ct. Order, 11/9/18 (concluding that the Commonwealth had commenced forfeiture proceedings beyond the two-year statute of limitations, citing 42 Pa.C.S. § 5524(5)). The Commonwealth did not appeal this Order.

***Commonwealth v. 5444 Spruce St.***, 890 A.2d 35, 38 (Pa. Cmwlth. 2006) (*en banc*).[4]

In order to secure the return of property seized by police, the movant must establish first an ownership interest in the property. ***In re Firearms, Eleven***, 922 A.2d 906, 912 (Pa. Super. 2007); Pa.R.Crim.P. 588(a). Once established, the Commonwealth may defeat the movant's claim if it demonstrates, by a preponderance of the evidence, that the property is contraband. ***Barren v. Commonwealth***, 74 A.3d 250, 255 (Pa. Super. 2013). To do so, the Commonwealth must establish a specific nexus between the property and criminal activity. ***Beaston v. Ebersole***, 986 A.2d 876, 881 (Pa. Super. 2009) (quoting ***Singleton***, 929 A.2d at 1227). When the Commonwealth sustains its burden, the movant may disprove the Commonwealth's evidence or establish statutory defenses to avoid forfeiture. ***Id.*** (quoting ***Singleton***, 929 A.2d at 1227).

In this case, the trial court found that Appellant had a possessory interest in the $1,993.00 because the Commonwealth seized it from his person. Trial Ct. Op. and Order at 3. However, the court found credible evidence introduced by the Commonwealth that rebutted Appellant's claim. The court determined: (1) due to a large quantity of narcotics seized from Appellant's residence and based on several witness' accounts, Appellant was

---

[4] While decisions of the Commonwealth Court are not binding on this Court, we may elect to follow its decisions if we find the rationale persuasive. ***Commonwealth v. Thomas***, 814 A.2d 754, 758 n.2 (Pa. Super. 2002).

engaged in the distribution of narcotics; (2) Appellant had no legitimate source of income, other than approximately $650.00 per month in Social Security benefits; and (3) Appellant had offered no other explanation for the cash found in his possession. *Id.* Based on these facts, the court determined that the cash was contraband and, therefore, forfeited to the Commonwealth. *Id.* at 3-4.

In challenging the court's analysis, we discern two arguments asserted in Appellant's Brief.[5] First, according to Appellant, because the Commonwealth seized cash from him at the time police arrested him on the firearm charge and, further, because a jury acquitted him of that charge, he is entitled to the return of this property. *See* Appellant's Br. at 5 (unpaginated). This argument is not persuasive.

The Commonwealth did not attempt to establish a nexus between the cash and Appellant's allegedly illegal possession of a firearm, nor was it

---

[5] Appellant's Brief does not conform to the Pennsylvania Rules of Appellate Procedure. For example, the Brief does not include a Statement of Jurisdiction, a Statement of the Questions Involved, or a Summary of Argument. *See* Pa.R.A.P. 2111. Moreover, Appellant's Argument proceeds in a haphazard fashion difficult to follow, a problem exacerbated by Appellant's use of several font sizes and unnecessary bold typeface. We caution Appellant: Although this Court is "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). Nevertheless, we review the merits of Appellant's claims.

required to do so. Indeed, as noted by the trial court, forfeiture does not require a conviction. *See* Trial Ct. Op. and Order at 2 (citing ***Commonwealth v. Esquilin***, 880 A.2d 523 (Pa. 2005)). Rather, the Commonwealth established a specific nexus between the cash and Appellant's alleged, and ultimately proven, narcotics distribution. ***See Esquilin***, 880 A.2d at 530 ("Although illegal drugs are often present at the time of seizure, there is no requirement that such drugs be present[.]").

Second, Appellant references the Commonwealth's untimely pursuit of a forfeiture action, suggesting that its dilatory efforts require that we reverse the trial court. *See* Appellant's Br. at 7-9 (unpaginated) (citing 42 Pa.C.S. § 5524(5)); ***see also*** Trial Ct. Order, 11/9/18 (denying the Commonwealth's Motion to Forfeit Property). However, in so doing, Appellant conflates two separate rulings of the trial court. ***Commonwealth v. Mosley***, 702 A.2d 857, 859 (Pa. 1997) ("[A] proceeding for return of property is distinct from a forfeiture proceeding, and, although the two types of actions may commonly be heard together, to file one type of action does not in itself serve to initiate [or resolve] the other."); ***see also Commonwealth v. Pomerantz***, 573 A.2d 1149, 1150-51 (Pa. Super. 1989) (distinguishing a forfeiture action, which places an initial burden on the Commonwealth, from a motion for return of property, where the initial burden rests with the movant); ***compare*** 42 Pa.C.S. § 5802 (Controlled Substances Forfeiture), ***with*** 42 Pa.C.S. § 5806 (Motion for Return of Property) ***and*** Pa.R.Crim.P. 588(a) (same). Thus, Appellant's argument is without merit.

Substantial evidence supports the court's findings. ***See generally*** N.T. Hearing. We discern no abuse of the trial court's discretion and no error of law in the court's denial of Appellant's Motion. ***Singleton***; ***5444 Spruce St.***, ***supra.*** Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2020